Rafael NUÑEZ, Petitioner–Appellant,

v.

UNITED STATES of America, Respondent–Appellee.

No. 96–2974.

United States Court of Appeals, Seventh Circuit.

Submitted Sept. 3, 1996.

Decided Sept. 23, 1996.

Rehearing and Suggestion for Rehearing En Banc Denied Oct. 17, 1996.

Rafael Nuñez (submitted on briefs), Federal Correctional Institution, Seagoville, TX, pro se.

Thomas P. Schneider, Office of the United States Attorney, Milwaukee, WI, for Respondent–Appellee.

Before POSNER, Chief Judge, and BAUER and EASTERBROOK, Circuit Judges.

EASTERBROOK, Circuit Judge.

Rafael Nuñez pleaded guilty to possessing cocaine and marijuana with intent to distribute those drugs, and to using and carrying a firearm during and in relation to a drug offense. He was sentenced to 120 months' imprisonment. His 1993 motion for relief under 28 U.S.C. § 2255 was denied. We dismissed the appeal after Nuñez failed to pay the docketing fee. After the Supreme Court issued its decision in *Bailey v. United States,* —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), Nuñez filed in the district court a second § 2255 motion, contending that *Bailey* requires the district court to set aside the weapons conviction.

Nuñez filed his second petition on June 27, 1996. The district court denied it on July 1, informing Nuñez that under §§ 105 and 106(b)(3) of the Antiterrorism and Effective Death Penalty Act, Pub.L. 104–132, 110 Stat. 1214 ("the Act"), amending 28 U.S.C. §§ 2244(b) and 2255, second or successive petitions require the prior approval of the court of appeals. See Circuit Rule 22.2, establishing procedures for the approval mechanism. Nuñez did not seek our approval. Instead, on July 22, he filed a third petition in the district court. The district court denied it on July 26 for the same reason, and Nuñez filed a notice of appeal.

The district court had no option other than to deny the petition. No matter how powerful a petitioner's showing, only this court may authorize the commencement of a second or successive petition. Unlike the former standard, under which a second petition could be pursued unless the government established that it was an abuse of the writ, see *McCleskey v. Zant,* 499 U.S. 467, 477, 494–95, 111 S.Ct. 1454, 1461, 1470–71, 113 L.Ed.2d 517 (1991), the new prior-approval device is self-executing. From the district court's perspective, it is an allocation of subject-matter jurisdiction to the court of appeals. A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing. Even an explicit consent by the government to beginning the case in the district court would be ineffectual; the power to authorize its commencement does not reside in either the district court or the executive branch of government. A second or successive collateral attack may no more begin in the district court than a criminal prosecution may commence in the court of appeals.

Nuñez does not contend that he relied to his detriment on the state of the law preceding the Act when deciding which issues to include in (or omit from) his first § 2255 petition, or was otherwise mousetrapped by the change of law. The holding of *Burris v. Parke,* 95 F.3d 465 (7th Cir.1996) (en banc), therefore does not apply. See *Roldan v. United States,* 96 F.3d 1013 (7th Cir.1996). Moreover, even when under *Burris* the abuse-of-the-writ standard supplies the substantive criteria, a prisoner who wants to commence a second or successive petition after April 23, 1996, still must obtain this court's permission. Otherwise a disagreement between this court and the district court about the proper scope of *Burris* could cast a case into limbo, and at a minimum lead to unnecessary delay. So Nuñez needs our approval to begin his collateral attack, and the district court properly dismissed his petition.

What remains is the possibility that the notice of appeal serves as a request for authorization. Treating an appeal in these circumstances as a request for authorization will speed cases to decision with a minimum of paperwork, and we therefore think that the appeal should be so treated when it is practical to make a decision on the basis of the short appellate record. Circuit Rule 22.2 specifies the information this court needs to

make an intelligent decision about whether to allow a second or successive collateral attack. Nuñez has not furnished that information, and we could deny his (implied) request without prejudice, see Circuit Rule 22.2(e), on that ground. Cf. *Smith v. Barry,* 502 U.S. 244, 112 S.Ct. 678, 116 L.Ed.2d 678 (1992) (allowing a brief to serve as a notice of appeal, but only when it contains all the information required in a notice of appeal and is filed within the time for appeal). But there is a more fundamental problem. Under a final unnumbered paragraph added to § 2255 by § 105 of the Act:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
>> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>>
>> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Nuñez contends that *Bailey* justifies his successive petition. But *Bailey* is not "a new rule of *constitutional* law" (emphasis added); it is simply an interpretation of 18 U.S.C. § 924(c)(1). By limiting relief to developments of constitutional magnitude, the Act changes the outcome of *Davis v. United States,* 417 U.S. 333, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974), for successive § 2255 petitions (although not for initial ones). What is more, *Bailey* has not been "made retroactive to cases on collateral review by the Supreme Court". So instead of telling Nuñez to file additional papers in order to comply with Circuit Rule 22.2, we shall dispose of his case forthwith.

The judgment of the district court is affirmed. The implied application for leave to file a successive petition under 28 U.S.C. § 2255 is denied.