108 F.3d 1379
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Anthony ALEXANDER, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-3687.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 20, 1997.*
Decided March 10, 1997.
 
 Before LAY**, EASTERBROOK and KANNE, Circuit Judges.
 
 Order
 
 1
 Anthony Alexander seeks release from custody under 28 U.S.C. § 2255, arguing that his lawyer rendered ineffective assistance of counsel by failing to prosecute effectively a motion to suppress evidence against him. He did not raise this argument on direct appeal but did present a variant of it by an earlier petition for relief under § 2255. The district court denied this petition and we affirmed in an unpublished order. Alexander v. United States, No. 95-2910 (7th Cir. Feb. 27, 1996).
 
 
 2
 Alexander's current petition is his second. It was filed on May 29, 1996, and is therefore subject to the requirement in the Antiterrorism and Effective Death Penalty Act of 1996 that leave first be obtained from this court. Alexander ignored the amended version of § 2255. So did the district court, which considered and rejected Alexander's petition on the merits. Now Alexander asks us to issue a certificate of appealability.
 
 
 3
 The district court lacked power to act on Alexander's petition. Unless leave is first obtained from this court, the only thing a district judge may do with a second or successive petition for collateral review is dismiss it for want of jurisdiction. Nunez v. United States, 96 F.3d 990 (7th Cir.1996). As in Nunez we treat the request for a certificate of appealability as a request for leave to commence a second or successive collateral attack. That request, however, does not even arguably meet the standards of the new law.
 
 
 4
 The judgment of the district court is vacated, and the case is remanded with instructions to dismiss for want of jurisdiction. The implied request for leave to commence a second or successive collateral attack is denied.
 
 
 
 *
 This successive appeal has been assigned, under Internal Operating Procedure 6(b) and (c), to the panel that heard Alexander's two prior appeals
 
 
 **
 Of the Eighth Circuit, sitting by designation