129 F.3d 1268
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Walter STEWART, Petitioner-Appellant,
v.
Jerry GILMORE, Warden, Respondents-Appellees.
 No. 97-3846.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 10, 1997.
Decided Nov. 13, 1997.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division, No. 97 C 6672; Charles R. Norgle, Judge.
 Before POSNER, Chief Judge, BAUER, Circuit Judge, and KANNE, Circuit Judge.
 
 ORDER
 
 1
 Petitioner's "EMERGENCY MOTION FOR STAY OF EXECUTION OF SENTENCE OF DEATH PENDING APPEAL", petitioner's "MEMORANDUM IN SUPPORT OF EMERGENCY MOTION FOR STAY OF EXECUTION OF SENTENCE OF DEATH PENDING APPEAL", respondents' "OPPOSITION TO EMERGENCY MOTION FOR STAY OF EXECUTION" are before the court.
 
 
 2
 Walter Stewart is scheduled to be executed by the State of Illinois on November 19, 1997. He filed a successive petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the district court on September 23, 1997. On November 4, 1997 the district court found that this petition under § 2241 should have been filed under 28 U.S.C. § 2254. The district court also found that since Stewart had already sought federal habeas corpus relief pursuant to § 2254, he must comply with § 2244 to have his federal claims considered on the merits. Section 2244(b)(3)(A) requires petitioner to seek an order from this court authorizing the filing of a second or successive habeas petition in the district court and can not be avoided by couching the filing as a § 2241 petition. Because Stewart failed to comply with 28 U.S.C. § 2244, the district court granted the state's motion to dismiss and dismissed the action.
 
 
 3
 A second or successive habeas petition filed without prior consent of the Court of Appeals must be dismissed. Nunez v. United States, 96 F.3d 990, 991 (7th Cir.1996). For the reasons stated in the November 4, 1997 Opinion and Order of the district court we agree that this action was properly dismissed.
 
 
 4
 Accordingly we AFFIRM the district court[1] and DENY the stay of execution. The mandate shall issue immediately.
 
 
 
 [1]
 Although stating that the analysis need not go any further the district court, assuming that the application was properly brought pursuant to § 2241, addressed respondent's argument for dismissal on procedural default grounds
 28 U.S.C. § 2253(c) requires a certificate of appealability be issued before an appeal may be taken from a final order in a habeas action. Because we hold that Stewart failed to comply with § 2244 and affirm the dismissal of the action on that basis, the certificate of appealability is unnecessary and is, therefore, VACATED.