139 F.3d 901
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Robert B. KIZER Petitioner-Appellant,
Al C. PARKE, Respondent-Appellee.
 No. 97-3305.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 27, 1998*.
Decided Mar. 2, 1998.
 
 Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. No. 97-CV-271 Allen Sharp, Judge.
 Before Hon. JOEL M. FLAUM, Hon. MICHAEL S. KANNE, Hon. TERENCE T. EVANS, Circuit Judges.
 
 ORDER
 
 1
 On May 9, 1997, Robert B. Kizer filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that the newly discovered evidence that he had presented at a state post-conviction hearing entitled him to relief. The district court denied his petition and dismissed the case with prejudice. We affirm, but modify the judgment to dismissal for lack of jurisdiction because Kizer failed to obtain the required approval of this court before filing this second habeas petition.
 
 
 2
 Apparently neither the district court nor the State was aware that Kizer had previously filed a § 2254 motion relating to this case that had been denied.[1] Kizer v. Duckworth, No. 89-1119, 911 F.2d 736 (7th Cir.1990) (unpublished order) (affirming the district court's denial of his habeas petition). "A district court must dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." Nunez v. United States, 96 F.3d 990, 991 (7th Cir.1996); see 28 U.S.C. § 2244(b)(3)(A).
 
 
 3
 However, we construe Kizer's notice of appeal in this case as an implied request for leave to file a successive petition. Nunez, 96 F.3d at 991-92. We could dismiss such a request without prejudice because Kizer failed to submit the information required under Circuit Rule 22.2. Id. at 992. However, it is unnecessary to dismiss his application because Kizer's proposed claim does not meet the requirements for bringing a new claim in a successive petition under 28 U.S.C. § 2244(b)(2). Section 2244(b)(2) states that a successive application shall be dismissed unless:
 
 
 4
 (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
 
 
 5
 (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
 
 
 6
 (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
 
 
 7
 Kizer argues that the state post-conviction court should have assessed his new evidence under the standard from Kyles v. Whitley, 514 U.S. 419, 435, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995), which requires a defendant only to demonstrate "that the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." However the Kyles standard is inapplicable in this case because it is used when the prosecution violates a defendant's due process rights by deliberately withholding evidence. Id. at 432-33 (citing Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963)). In this case the prosecution did not withhold evidence. The new evidence was unknown to both parties until the witness came forward in 1993, long after Kizer's conviction and sentence became final.
 
 
 8
 As the Supreme Court clearly stated, "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." Herrera v. Collins, 506 U.S. 390, 400, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993). Kizer has failed to show that his claim relies on either a new rule of constitutional law or the existence of a constitutional error. 28 U.S.C. § 2244(b)(2). Therefore, Kizer's implied application for authorization to file a second habeas petition under 28 U.S.C. 2244(b)(2) is denied. The district court's judgment denying Kizer's habeas petition is AFFIRMED, but we modify the judgment to dismissal for lack of jurisdiction because Kizer failed to obtain the required approval of this court before filing this second habeas petition. 28 U.S.C. § 2106.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [1]
 In response to this court's September 16, 1997 order requiring the State to advise this court whether Kizer had filed any prior habeas petitions challenging the same judgment, the State replied that Kizer had filed a prior § 2254 petition which was denied by the district court on March 5, 1984. However, the State was unable to determine if that petition involved the same conviction as in the present habeas action