151 F.3d 1033
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Ralphael OKORO, Petitioner-Appellant,
v.
UNITED STATES OF AMERICA, Respondent-Appellee.
 No. 98-1225.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 30, 1998.
Decided July 31, 1998.
Rehearing and Suggestion for Rehearing En Banc Denied Aug.
25, 1998.
Rehearing and Suggestion for Rehearing En Banc Denied Sept.
23, 1998.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. No. 97 C 8956 Milton I. Shadur, Judge.
 Before Hon. JOEL M. FLAUM, Hon. MICHAEL S. KANNE, Hon. TERENCE T. EVANS, Circuit Judges.
 
 
 1
 Ralphael Okoro filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, which the district court properly construed as a motion to vacate, correct, or modify his sentence pursuant to 28 U.S.C. § 2255. The district court summarily dismissed the motion on the grounds that Okoro's motion was not timely filed within the one-year period of limitation set forth in § 2255 and that Okoro's failure to raise his present claims in his first § 2255 motion constituted an abuse of the procedure. The district court denied the request for a certificate of appealability and Okoro filed a notice of appeal. Subsequently, this court issued a jurisdictional order asking why the decision of the district court should not be summarily affirmed.
 
 
 2
 This court has reviewed the final order of the district court and the record on appeal, including Okoro's response to the jurisdictional order. Because it is clear that the current § 2255 motion is successive, the district court lacked jurisdiction to consider the motion. Unless leave is first obtained from this court, the only thing a district judge may do with a second or successive petition for collateral review is dismiss it for want of jurisdiction. Nunez v. United States, 96 F.3d 990 (7th Cir.1996). The judgment of the district court is vacated, and the case is remanded with instructions to dismiss for want of jurisdiction.