Brian K. HILL, Petitioner–Appellant,

v.

UNITED STATES of America, Respondent–Appellee.

No. 01–1732.

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 12, 2001 *.

Decided Oct. 15, 2001.

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before COFFEY, KANNE, DIANE P. WOOD, Circuit Judges.

## ORDER

Brian K. Hill pleaded guilty to conspiracy to distribute crack and possession with intent to distribute crack and was sentenced to concurrent terms of 140 months' imprisonment. Hill never appealed, but in July 1999 he filed a *pro se* motion under 28 U.S.C. § 2255, claiming that he wanted to appeal but was abandoned by counsel. The district court denied the motion, and Hill appeals.

In his § 2255 motion Hill alleged that he told his attorney to appeal his sentences but that his attorney never filed a notice of appeal. The district court ordered Hill to supplement his § 2255 motion to specify what issues he had wanted his attorney to raise on direct appeal, but Hill never did so. On November 30, 1999, the court then denied Hill's motion and entered judgment, which Hill did not appeal. Instead, on December 30, 1999, Hill moved for reconsideration. He argued that the district court should not have required him to supplement his original motion and reasserted his ineffective assistance claim. In December 2000 the district court denied reconsideration but, after Hill appealed, granted a certificate of appealability as to whether it erred (1) in requiring Hill to supplement and (2) in denying Hill's § 2255 motion when he failed to do so.

On appeal Hill argues about why the district court erred in denying his § 2255 motion and again reasserts his ineffective assistance claim. But we have no jurisdiction to review that denial because Hill failed to appeal it within sixty days. *See* Fed. R.App. P. 4(a)(1)(B); *Rutledge v. United States*, 230 F.3d 1041, 1046 n. 2 (7th Cir.2000), *cert. denied*, 531 U.S. 1199, 121 S.Ct. 1207, 149 L.Ed.2d 120 (2001).[1]

---

1. We note, however, that the district court should not have required Hill to supplement his motion to specify the issues he would have raised on appeal had his counsel not aban-

Hill's filing of a motion for reconsideration did not toll the sixty-day period because he filed the motion more than ten days after the court entered judgment on his § 2255 motion. *See Hope v. United States*, 43 F.3d 1140, 1142–43 (7th Cir.1994).

■ Thus, we limit our review to the denial of Hill's post-judgment motion, which we construe as a successive § 2255 motion because in it Hill simply reasserts his ineffective assistance claim. *See Johnson v. United States*, 196 F.3d 802, 805 (1999); *Banks v. United States*, 167 F.3d 1082, 1083 (7th Cir.1999); *Burris v. Parke*, 130 F.3d 782, 783 (7th Cir.1997) (citing cases from other circuits). Petitioners are required to seek our approval before filing a successive § 2255 motion, *see* 28 U.S.C. § 2244(b)(1), § 2255 ¶ 8, which Hill did not do. The district court therefore should have dismissed the post-judgment motion as an improper successive collateral attack without granting a certificate of appealability. *See Nunez v. United States*, 96 F.3d 990, 991 (7th Cir.1996).

■ Further, we can dispose of this case now by construing Hill's notice of appeal as an implied application for leave to file a successive § 2255 motion. *See Nunez*, 96 F.3d at 991–92. We cannot grant leave because "[a] claim presented in a second or successive habeas corpus application ... that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1), § 2255 ¶ 8.

Accordingly, we DENY Hill's implied application for leave to file a successive § 2255 motion, VACATE the denial of the post-judgment motion and REMAND this case with directions to dismiss Hill's "Mo-

doned him; we presume prejudice in abandonment cases. *See Roe v. Flores-Ortega*, 528 U.S. 470, 483, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000); *United States v. Chronic*, 466 U.S. 648, 658–60, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984).

tion to Reconsider and Appointment of Counsel."