David M. HARRIS, Petitioner,

v.

Zettie COTTON, Respondent.

No. 02–2550.

United States Court of Appeals, Seventh Circuit.

Submitted June 14, 2002.

Decided July 11, 2002.

David M. Harris (submitted), Pendleton, IN, pro se.

Steve Carter, Office of Atty. General, Indianapolis, IN, for Respondent.

Before POSNER, KANNE, and ROVNER, Circuit Judges.

POSNER, Circuit Judge.

While an inmate in an Indiana state prison, Harris was accused of violating a prison order by inducing another inmate to send mail to a woman whom he'd been ordered not to make contact with. A pris-

on conduct board found him guilty of the offense and imposed sanctions that included taking away good-time credits and as a result lengthening his term of imprisonment. After exhausting his state administrative remedies, Harris sought federal habeas corpus, 28 U.S.C. § 2254, contending that the administrative proceeding denied him due process of law. The district court dismissed his suit and also denied his motion under Fed.R.Civ.P. 60(b) to vacate the dismissal.

■ He appealed. We affirmed the denial of the 60(b) motion but dismissed the appeal from the dismissal of the suit because it was untimely. *Harris v. Miller*, No. 02–1095 (7th Cir. March 20, 2002) (unpublished order). Harris has now asked us for permission to file a second habeas corpus petition, based on newly discovered evidence. The initial question, on which we have had no occasion to rule previously, perhaps because the answer is obvious, is whether second or successive petitions under section 2254 are subject to section 2244(b)—which requires our permission to file "a second or successive habeas corpus application under section 2254"—if the petition challenges not the judgment of the state court pursuant to which the petitioner is in state custody but instead, as in this case, a sanction imposed in a prison disciplinary proceeding. Only the Eighth Circuit has answered the question, and it has answered "yes," *Crouch v. Norris*, 251 F.3d 720, 722–23 (8th Cir. 2001), correctly in our view. Section 2244(b) applies by its terms to all section 2254 petitions (though not to section 2241 petitions, as we held in *Valona v. United States*, 138 F.3d 693 (7th Cir.1998)), so the only question is whether Harris is correct to so characterize his petition. He is, because section 2254 provides the exclusive federal remedy for a person who, being in state custody pursuant to the judgment of

a state court, wishes to challenge a sanction that affects the length of his custody. *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir.2000); *Greene v. Tennessee Dept. of Corrections*, 265 F.3d 369, 371 (6th Cir. 2001); *Coady v. Vaughn*, 251 F.3d 480, 485–86 (3d Cir.2001). The sanction need not be the one imposed by the state court that placed him in state custody, but can be an administrative sanction imposed on him later for misbehavior while in custody pursuant to the state court's judgment. E.g., *Montgomery v. Anderson*, 262 F.3d 641, 643 (7th Cir.2001); *Walker v. O'Brien*, *supra*, 216 F.3d at 633; *Greene v. Tennessee Dept. of Corrections*, *supra*, 265 F.3d at 371.

■ So Harris does need our permission to file a second petition, and we deny it because he does not indicate what new evidence he has discovered that might justify relief under section 2244(b)(2)(B), the only possibly applicable subsection of the successive-petition provision.

■ A further wrinkle to this case is worth noting. Remember that Rule 60(b) motion that Harris filed? Actually he described it as a "verified petition for permission of court to file a successive petition of previous writ of habeas corpus for collateral review" pursuant to section 2244(b). The district court, rather than relabeling it a Rule 60(b) motion, should have taken Harris at his word and dismissed the application as having been filed in the wrong court, since the permission of the court of appeals rather than that of the district court is required to file a second or successive petition for habeas corpus. 28 U.S.C. § 2244(b)(3). Prisoners are not allowed to avoid the restrictions that Congress has placed on collateral attacks on their convictions or other custody-creating or-enhancing punishments by styling their collateral attacks as motions for reconsideration under Rule 60(b). *Johnson v. United States*,

196 F.3d 802, 805 (7th Cir.1999); *Burris v. Parke,* 130 F.3d 782, 783 (7th Cir.1997); cf. *Calderon v. Thompson,* 523 U.S. 538, 553, 118 S.Ct. 1489, 140 L.Ed.2d 728 (1998). There must be no circumvention of those restrictions by classifying a collateral attack as a Rule 60(b) motion.