Eliud VELEZ, Petitioner–Appellant,

v.

Gerald A. BERGE, Respondent–Appellee.

No. 02–1157.

United States Court of Appeals, Seventh Circuit.

Submitted July 11, 2002 *.

Decided July 15, 2002.

---

* After an examination of the briefs and the

record, we have concluded that oral argu-

Before EASTERBROOK, DIANE P. WOOD, WILLIAMS, Circuit Judges.

**Order**

In this proceeding under 28 U.S.C. § 2254, Eliud Velez complains that the prison violated the due process clause of the fourteenth amendment during proceedings that ended in a revocation of good-time credits. The district court dismissed the petition on January 30, 2001, after concluding that, by neglecting to pursue review in the Supreme Court of Wisconsin, Velez had failed to exhaust available state judicial remedies. See § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). Nothing more happened in the litigation until August 16, 2001, when Velez filed what he styled a "Motion to Advance Petitioner's Request for Reconsideration." According to this document, Velez had filed a motion for reconsideration on February 10 and was impatient for a decision. Lacking any record of such a motion, the district judge denied Velez's request to "advance" its consideration but invited a motion under Fed.R.Civ.P. 60(b). One was forthcoming, the district court denied it on December 14, 2001, and Velez filed a notice of appeal. He has not received a certificate of appealability, but under *Walker v. O'Brien*, 216 F.3d 626 (7th Cir.2000), he does not need one.

The district court should not have decided the Rule 60(b) motion. Under established law in this circuit, a Rule 60(b) motion in a collateral attack is in effect a second or successive collateral proceeding that requires advance appellate approval. See *Harris v. Cotton*, 296 F.3d 578(7th

ment is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.

Cir.2002); *Johnson v. United States*, 196 F.3d 802, 805 (7th Cir.1999); *Banks v. United States*, 167 F.3d 1082, 1083–84 (7th Cir.1999); *Burris v. Parke*, 130 F.3d 782, 783–84 (7th Cir.1997). See also *Calderon v. Thompson*, 523 U.S. 538, 553–54, 118 S.Ct. 1489, 140 L.Ed.2d 728 (1998) (reconsideration *sua sponte* after the time for appeal has expired is not a successive collateral attack, though reconsideration in response to a petition by the prisoner would be). Velez's motion came long after the expiration of the time for appeal and should have been dismissed on the ground that the court lacked jurisdiction to entertain it, for appellate approval had been neither sought nor granted. See *Nuñez v. United States*, 96 F.3d 990 (7th Cir.1996). (The district judge's dismissal counted as the resolution of an initial collateral attack because, although nominally based on lack of exhaustion, this was an irremediable problem under *Boerckel* and was thus effectively with prejudice.) Nor does the motion (or the appellate brief) suggest that Velez satisfies the statutory requirements for pursuing another collateral attack. 28 U.S.C. § 2244(b)(2).

*Abdur'Rahman v. Bell*, cert. granted, 122 S.Ct. 1605 (2002), presents the question whether every Rule 60(b) motion in a collateral proceeding must be treated as a fresh collateral attack. Even if the Supreme Court were to reverse in *Abdur'Rahman* Velez could not benefit, because he lacked any ground for relief under Rule 60(b). He tried to use that rule to reopen the time to appeal on the merits, even though the conditions for reopening laid out in Fed. R.App. P. 4(a)(6) have not been satisfied. That is not possible, and as a result there is nothing

R.App. P. 34(a); Cir. R. 34(f).

properly presented for either the district court's review or ours.

The decision denying the Rule 60(b) motion is vacated, and the case is remanded with instructions to dismiss the motion for lack of jurisdiction.