# In the

# United States Court of Appeals

### For the Seventh Circuit

---

No. 02-1960

EMMETT KAPRIES DUNLAP,

*Petitioner-Appellant,*

v.

JON E. LITSCHER,

*Respondent-Appellee.*

---

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 01-CV-814—**Rudolph T. Randa**, *Judge.*

---

No. 02-2008

JOHN L. HUNT,

*Petitioner-Appellant,*

v.

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

---

Appeal from the United States District Court
for the Southern District of Illinois.
No. 99-CV-181-WDS—**William D. Stiehl**, *Judge.*

---

No. 02-2082

DAVID LANZOTTI,

*Petitioner-Appellant,*

v.

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

---

Appeal from the United States District Court
for the Central District of Illinois.
No. 01-3194—**Richard Mills**, *Judge.*

—————

SUBMITTED JUNE 28, 2002—DECIDED SEPTEMBER 6, 2002

—————

Before POSNER, ROVNER, and EVANS, *Circuit Judges.*

POSNER, *Circuit Judge.* We have consolidated for decision three appeals from denial or dismissal of motions under Rule 60(b) of the Federal Rules of Civil Procedure that present similar questions about the circumstances in which prisoners subject to the Antiterrorism and Effective Death Penalty Act's amendments to the federal habeas corpus statute, 28 U.S.C. §§ 2241 *et seq.*, and its substitute for federal prisoners, 28 U.S.C. § 2255, may file motions under Rule 60(b) to vacate a judgment denying habeas corpus. The rule allows a federal district court to relieve a party from a final judgment of the court on a variety of grounds, including "mistake," "fraud," and "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial," and "any other reason justifying relief from the operation of the judgment." The habeas corpus statute, however, without mentioning Rule 60(b), permits a second or subsequent application for relief only if the court of appeals certifies that the application is based either on a new rule of constitutional law made retroactively applicable by the Supreme Court to collateral challenges to final judgments or on newly discovered evidence that demonstrates that no reasonable finder of fact could have found the applicant guilty. 28 U.S.C. §§ 2244(b)(2), 2255 ¶ 8. These provisions are clear and bar a district court from using Rule 60(b) to give a prisoner broader relief from a judgment rendered by the

court in the prisoner's federal habeas corpus (including section 2255) proceeding. Otherwise AEDPA's limitations on collateral attack would be set at naught. As we said recently, "Prisoners are not allowed to avoid the restrictions that Congress has placed on collateral attacks on their convictions or other custody-creating or -enhancing punishments by styling their collateral attacks as motions for reconsideration under Rule 60(b). There must be no circumvention of those restrictions by classifying a collateral attack as a Rule 60(b) motion." *Harris v. Cotton,* 296 F.3d 578, 579-80 (7th Cir. 2002) (citations omitted). Many other cases in this and other courts agree. *Johnson v. United States,* 196 F.3d 802, 805 (7th Cir. 1999); *Banks v. United States,* 167 F.3d 1082, 1083-84 (7th Cir. 1999) (per curiam); *Burris v. Parke,* 130 F.3d 782, 783-84 (7th Cir. 1997); *Lopez v. Douglas,* 141 F.3d 974 (10th Cir. 1998) (per curiam); *United States v. Rich,* 141 F.3d 550, 551 (5th Cir. 1998); *Thompson v. Calderon,* 151 F.3d 918, 921 (9th Cir. 1998) (en banc); *Felker v. Turpin,* 101 F.3d 657, 660-61 (11th Cir. 1996); cf. *Calderon v. Thompson,* 523 U.S. 538, 553 (1998); *McQueen v. Scroggy,* 99 F.3d 1302, 1335 (6th Cir. 1996); *Hunt v. Nuth,* 57 F.3d 1327, 1339 (4th Cir. 1995); *Blair v. Armontrout,* 976 F.2d 1130, 1134 (8th Cir. 1992). There is one outlier, *Rodriguez v. Mitchell,* 252 F.3d 191, 198-200 (2d Cir. 2001).

But it is important to note the limitations of the principle enunciated in *Harris* and the cases that precede it; doing so will help us to deal with the outlier. It is only when Rule 60(b) conflicts with AEDPA that it is unavailable to a prisoner. Rule 60(b) has a very broad scope and it is easy to imagine cases in which allowing a prisoner to file a motion under it would pose no risk of conflict with the limitations that AEDPA places on successive collateral attacks on state or federal criminal judgments. Suppose the state procured dismissal of a prisoner's first fed-

eral habeas corpus proceeding by making fraudulent representations to the district court, and the prisoner discovered this and filed a motion with the district court to vacate the judgment of dismissal. AEDPA would not be offended by allowing the district court to entertain the motion. See *Banks v. United States, supra*, 167 F.3d at 1083-84; *Thompson v. Calderon, supra*, 151 F.3d at 921 n. 3.

The Second Circuit's opinion in *Rodriguez* emphasized such cases, see 252 F.3d at 199, but did not limit its ruling to them. The court reasoned that even in a case of newly discovered evidence, because "the procedural object of the motion authorized by Rule 60(b) is simply to vacate the federal judgment dismissing the habeas petition, not to vacate the state conviction," "the fact that the court to which the motion is addressed might conceivably go farther and grant the habeas in response to the motion does not in our view make such a motion a second habeas petition." *Id.* This reasoning is formalistic. If the ground of the Rule 60(b) motion is that the prisoner has newly discovered evidence of his innocence, he is seeking the very relief he sought in his original habeas corpus proceeding, the one he is seeking to reopen.

The Supreme Court has granted certiorari to decide in what circumstances if any a prisoner in a proceeding governed by AEDPA can invoke Rule 60(b). *Abdur'Rahman v. Bell*, 122 S. Ct. 1605, 70 U.S.L.W. 3650 (U.S. Apr. 22, 2002). For now, we shall adhere to our rule and so proceed to the three cases before us.

Dunlap filed a second habeas corpus application that simply reasserted the claims alleged in his first application. The district court construed the second application as a Rule 60(b) motion and denied it on the merits. That was a mistake. The court should have dismissed it for what

it was, a second habeas corpus application barred by AEDPA.

Hunt based his Rule 60(b) motion, filed while his request for a certificate of appealability from the district court's denial of his habeas corpus application based on a similar ground was pending in this court, on the ubiquitous *Apprendi* decision. After we denied the certificate on the ground that Hunt had made "no substantial showing of the denial of a constitutional right," for he had failed to show a violation of *Apprendi,* see *Curtis v. United States,* 294 F.3d 841, 844 (7th Cir. 2002); *United States v. Knox,* 287 F.3d 667, 669 (7th Cir. 2002), which anyway is not to be applied retroactively to habeas corpus cases, *Talbott v. Indiana,* 226 F.3d 866 (7th Cir. 2000), the district court denied his Rule 60(b) motion as moot. The motion was properly dismissed, but not because it was moot; rather, because Rule 60(b) cannot be used to seek relief on the basis that the movant's conviction was based on a mistake of law, for that is territory occupied by AEDPA.

Lanzotti based his Rule 60(b) motion on newly discovered evidence that his lawyer in his criminal trial had given him ineffective assistance. The district court, though noting that it was an unauthorized collateral attack, denied the motion on its merits. Again error. The motion was precluded by AEDPA.

So the three motions were properly rejected, though on the wrong grounds. Dunlap's and Lanzotti's, moreover, should have been dismissed rather than denied, given that the district courts lacked jurisdiction. Hunt's motion was dismissed, albeit on the wrong jurisdictional ground (mootness). The judgment in *Hunt* is therefore affirmed, but the judgments in *Dunlap* and *Lanzotti* are vacated and those cases remanded to the respective district courts

to dismiss for lack of jurisdiction. *Nunez v. United States,* 96 F.3d 990, 991 (7th Cir. 1996).

A true Copy:

      Teste:

                          _____
                          *Clerk of the United States Court of*
                          *Appeals for the Seventh Circuit*