## James HAMPTON, Petitioner–Appellant,

v.

Cecil DAVIS, Respondent–Appellee.

No. 01–4237.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 11, 2003.*

Decided Feb. 13, 2003.

Before EASTERBROOK, ROVNER, and EVANS, Circuit Judges.

### ORDER

A prison disciplinary board found Indiana inmate James Hampton guilty of sexual assault for grabbing a female correctional officer's buttocks and revoked

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

180 days of his good-time credit. After exhausting his state remedies, Hampton sought a writ of habeas corpus in federal district court under 28 U.S.C. § 2254, claiming that the disciplinary board denied him due process of law. The district court denied Hampton's petition and entered judgment on October 29, 2001. Three weeks later, on November 20, Hampton filed a "Motion to Reconsider" purportedly under Fed.R.Civ.P. 59(e), which the district court denied on November 28. Hampton appeals, arguing that habeas relief should have been granted because the disciplinary board ignored exculpatory evidence and failed to adequately state the basis for its decision.

As an initial matter, we lack jurisdiction to review the district court's denial of habeas relief because Hampton did not file a timely appeal. Pursuant to Fed. R.App. P. 4(a)(1)(A), Hampton had thirty days from the district court's entry of judgment on October 29, 2001 to file his notice of appeal. Hampton's notice of appeal was filed on December 14, 2001, sixteen days late. Although a proper Rule 59(e) motion filed within ten days after the entry of judgment will toll the thirty-day period, Fed. R.App. P. 4(a)(4)(A)(iv), Hampton did not file his motion for reconsideration until November 20. "When a motion to alter or amend a judgment under Rule 59(e) . . . is filed more than 10 days after entry of judgment[, it] automatically becomes a Rule 60(b) motion." *Talano v. Northwestern Med. Faculty Found., Inc.*, 273 F.3d 757, 762 (7th Cir.2001) (quoting *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir.1994)); *see also United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir.1992). A Rule 60(b) motion does not toll the time for filing an appeal from the judgment challenged by the motion, and we have no jurisdiction to review untimely appeals. *Browder v. Director, Dep't of Corr.*, 434 U.S. 257, 263–64, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978); *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 800 (7th Cir.2000). Accordingly, on March 8, 2002, we ordered Hampton's appeal limited to a review of the November 28 order denying reconsideration.

But the fact that Hampton filed his motion for reconsideration more than ten days after judgment raises another jurisdictional barrier–the Antiterrorism and Effective Death Penalty Act's amendments to the federal habeas corpus statute. We recently held that a Rule 60(b) motion–unlike a Rule 59(e) motion–is a collateral attack on the judgment and, thus, is subject to AEDPA's statutory limitations on successive collateral relief. *See Curry v. United States*, 307 F.3d 664, 665 (7th Cir. 2002); *Dunlap v. United States*, 301 F.3d 873, 875 (7th Cir.2002). AEDPA allows a successive collateral attack to be filed only with this court's permission, which may be granted only if the claim presented is based on a new rule of constitutional law made retroactively applicable by the Supreme Court to collateral challenges or newly discovered evidence that demonstrates the applicant's actual innocence. 28 U.S.C. § 2244(b)(1), (2). Where the asserted Rule 60(b) grounds conflict with those limitations, the district court must treat the motion as an unauthorized collateral attack and dismiss it for lack of jurisdiction. *Dunlap*, 301 F.3d at 875–77.

The grounds asserted in Hampton's motion are covered by AEDPA. Hampton simply reargued his due process claims rejected by the district court, contending that the court mistakenly applied the law. But AEDPA bars prisoners from relitigating claims raised in prior collateral attacks, *see* 28 U.S.C. § 2244(b)(1), and in any event, "Rule 60(b) cannot be used to seek relief on the basis that the movant's conviction was based on a mistake of law, for that is territory occupied by AEDPA."

*Dunlap,* 301 F.3d at 876. Thus, the judge should not have denied Hampton's motion on its merits, but dismissed it for want of jurisdiction since Hampton had not obtained our permission to mount a second collateral attack. *Nunez v. United States,* 96 F.3d 990, 991 (7th Cir.1996); *see also Harris v. Cotton,* 296 F.3d 578, 579 (7th Cir.2002) (requirement that prisoner obtain permission to file a second habeas corpus petition applies to petitions challenging disciplinary proceedings).

Accordingly, the judgment is VACATED and the case REMANDED with instructions to dismiss Hampton's motion to reconsider for want of jurisdiction.