**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals
**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 17, 2006[*]
Decided February 23, 2006

**Before**

Hon. THOMAS E. FAIRCHILD, *Circuit Judge*

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 05-1550

| | |
|---|---|
| DAVID PANNELL,<br>    *Petitioner-Appellant,* | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division |
| *v.* | No. 3:04-CV-176AS |
| CECIL DAVIS,<br>    *Respondent-Appellee.* | Allen Sharp,<br>*Judge.* |

**O R D E R**

Indiana prisoner David Pannell was charged with battery after a prison guard thought he observed Pannell fighting with another inmate. A Conduct Adjustment Board (CAB) subsequently determined that the battery charge was unsupported because the evidence (including a video of the altercation) showed that although the inmates were arguing heatedly, were wearing leather gloves, and were in a "hugging position," no blows were traded. The CAB downgraded the charge and convicted

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

Pannell of disruptive, unruly, and rowdy conduct; as punishment, it revoked 30 days of earned good time credits.  Pannell unsuccessfully appealed the decision through the administrative process and then petitioned the district court for a writ of habeas corpus, 28 U.S.C. § 2254, arguing that he received insufficient notice of the new charge and had been denied the right to call witnesses in his defense.  The district court granted a "conditional writ" on the issue of witnesses and sent the case back for a new hearing.  The CAB again reduced the battery charge and convicted Pannell of disruptive, unruly, and rowdy conduct, and this time it revoked 60 days of earned credit time.  Pannell renewed his application for habeas corpus.  The district court denied the application, saying that the CAB didn't need to give him 24-hours' notice when finding him guilty of the lesser offense because the information used to find him guilty was the same.  Under the circumstances, this seems to be common sense.

Pannell contends on appeal that he was denied due process because he was charged with one offense (battery) but convicted of another (disruptive conduct).  He rightly notes that *Wolff v. McDonnell*, 418 U.S. 539, 563–64 (1974), requires that a prisoner receive written notice of disciplinary charges so that he can prepare a defense.  But when an inmate is sufficiently notified of a charge, he is also on notice that he could face a lesser charge if it is based on the same set of facts.  *Northern v. Hanks*, 326 F.3d 909 (7th Cir. 2003) (per curiam); *cf. Holt v. Caspari*; 961 F.2d 1370, 1373 (8th Cir. 1992) (rule applies even where initial charge is superseded by more serious charge).  The charge of disruptive conduct in a prison is closely related to a charge of battery; if battery had been proved here, one would not say that disruptive conduct had not also been proved.  The evidence of disruptive conduct in this case lacks only the fact of physical blows to prove battery.  Although Pannell argues that the facts underlying the two charges are different, we do not agree and conclude that the principle of *Northern* is applicable here.

AFFIRMED.