**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 26, 2006[*]
Decided April 28, 2006

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

No. 05-4342

| | |
|---|---|
| DAVID PANNELL, | Appeal from the United States District |
| *Petitioner-Appellant*, | Court for the Northern District of Indiana, |
| | South Bend Division |
| *v.* | |
| | No. 3:05cv0242 |
| CECIL DAVIS, Superintendent, | |
| *Respondent-Appellee*. | Allen Sharp, |
| | *Judge.* |

## O R D E R

David Pannell, a prisoner confined in the Indiana prison system, was

convicted of disruptive conduct by a Conduct Adjustment Board (CAB) and lost 30

days of earned good-time credits. He petitioned the district court for a writ of

habeas corpus, 28 U.S.C. § 2254; the district court granted a conditional writ and

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

sent the case back for a new hearing. After a second hearing, Pannell was again convicted of disruptive conduct, this time his penalty was increased to a loss of an additional 30 days or 60 days of earned good-time credits. Pannell then filed several motions with the district court under his original case number. At least one requested an "unconditional writ of habeas corpus" and alleged deficiencies in his second hearing. The district court denied his petition on the merits and Pannell appealed. We affirmed on Pannell's claim that he received inadequate notice of the second hearing. *See Pannell v. Davis*, No. 05-1550, 2006 WL 408672 (7th Cir. Feb. 23, 2006) (unpublished order).

While his appeal was pending, Pannell filed a second habeas corpus petition challenging the second CAB hearing, again alleging deficient notice. The second petition was assigned a new case number, and the district court denied it on the merits. Pannell now appeals the district court's denial of his second petition attacking the second hearing, again contending that he received untimely notice. Because Pannell has previously filed a collateral attack on his second hearing,[1] the second petition was successive. And successive petitions require prior approval of the court of appeals. *See* 28 U.S.C. § 2244(b)(3)(A). Because Pannell did not have our approval, the district court should have dismissed the petition for lack of subject

---

[1] Pannell's initial collateral attack on the second CAB hearing was not mislabeled---Pannell specifically requested habeas corpus relief---so the district court was under no obligation to warn Pannell that his first petition exhausted his right to federal collateral review of the second CAB hearing. *See Castro v. United States*, 540 U.S. 375, 383 (2003).

matter jurisdiction. *See Harris v. Cotton*, 296 F.3d 578, 579 (7th Cir. 2002) (section 2244(b) applies to § 2254 petitions challenging sanctions imposed in prison disciplinary proceedings); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996).

Finally, in order to pre-empt additional filings by Pannell in this matter, thereby preserving judicial resources, we construe his notice of appeal as an implied application for leave to file a successive § 2254 petition. *See Nunez*, 96 F.3d at 991-92. The implied application is denied because Pannell presented the inadequate notice claim in his first petition attacking the second hearing. *See* § 2244(b)(1).

Accordingly, the judgment of the district court is VACATED and the case is REMANDED with instructions to dismiss for lack of jurisdiction. Additionally, Pannell's implied application for leave to file a successive § 2254 motion is DENIED.