**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

Submitted August 6, 2010*

Decided August 11, 2010

Before

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

| | |
|---|---|
| **No**. 10-2036 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| UNITED STATES OF AMERICA,<br>        *Plaintiff-Appellee*, | |
| **v.** | |
| MAURICE FOSTER, also known as MARCUS,<br>        *Defendant-Appellant*. | No. 95 CR 242<br>Robert W. Gettleman, *Judge*. |

**Order**

Maurice Foster's conviction and sentence were affirmed on direct appeal, and his collateral attack under 28 U.S.C. §2255 was unsuccessful. After the Sentencing Commission reduced the ranges for crack-cocaine offenses, and made that change retroactive, Foster asked for and received a reduction in his sentence. In January 2009 the district judge cut the term from 360 to 324 months. Foster appealed, contending that the reduction should have been greater; we affirmed.

---

* This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

In November 2009 Foster filed a motion, purportedly under Fed. R. Civ. P. 60(b), contending that the conviction was invalid because the prosecutor did not reveal all exculpatory information. Rule 60 applies to civil proceedings, and the case in which Foster filed it was a criminal proceeding. The district judge did not remark on this fact but denied the motion because the judge thought that Foster was attempting to take issue with a decision already made by this court. Foster has appealed.

The district judge should have dismissed the motion, not denied it. It was in substance a new collateral attack, see *Gonzalez v. Crosby*, 545 U.S. 525 (2005), which is permissible only if the prisoner has advance appellate permission to file a second or successive proceeding. A district judge does not have jurisdiction over an unauthorized successive collateral attack. See *Nuñez v. United States*, 96 F.3d 990 (7th Cir. 1996). The decision of the district court is therefore vacated, and the matter is remanded with instructions to dismiss for lack of jurisdiction.

Foster's appellate brief contends that the United States Attorney (or perhaps this court) has erred in the handling of sealed matters in the appellate record. This has nothing to do with the propriety of the district court's judgment and at all events is irrelevant given our disposition.