**Dontay BANKS, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

No. 99–1037.

United States Court of Appeals,
Seventh Circuit.

Submitted Jan. 8, 1999.

Decided Feb. 8, 1999*.

---

* This opinion is being released initially in types- cript form in order to ensure compliance with

Before CUMMINGS, RIPPLE, and ROVNER, Circuit Judges.

PER CURIAM.

Dontay Banks has filed an application for leave to file a successive § 2255 motion pursuant to 28 U.S.C. § 2255. Mr. Banks seeks to raise a claim that his counsel at trial and on appeal was ineffective. Mr. Banks cannot meet the requirements of 28 U.S.C. § 2255 ¶ 8, because his claim is based on alleged errors relating to his conviction and sentence, not on newly discovered evidence. Moreover, Mr. Banks cannot establish that the facts underlying his claim, if proven, would be sufficient to establish by clear and convincing evidence that no reasonable fact-finder would have found him guilty. *See* 28 U.S.C. § 2255 ¶ 8(1).

Mr. Banks's application, however, contains allegations seriously challenging the integrity of his first habeas proceeding. He claims that his counsel failed to consult adequately with him prior to filing his first § 2255 motion. Indeed, Mr. Banks produced a letter from his counsel simply enclosing a blank § 2255 motion form to sign and return. This allegation might raise grounds for relief under Federal Rule of Civil Procedure 60(b) before the district court if Mr. Banks chooses to address this particular complaint to the district court. We note that the district court has authority to reopen Mr. Banks's habeas case only if it finds that counsel's conduct affected the integrity of its own proceedings. Accordingly, we intend no limitation on the rule announced in *Burris v. Parke*, 130 F.3d 782 (7th Cir.1997), that a Rule 60(b) motion cannot be used to circumvent restraints on successive petitions for habeas corpus. *See also Thompson v. Calderon*, 151 F.3d 918, 921 (9th Cir.), *cert.*

the deadline in 28 U.S.C. § 2244(b)(3)(D) for ruling on applications for permission to file sec- ond or successive motions for federal collateral review of state or federal convictions.

*denied,* —— U.S. ——, 119 S.Ct. 3, 141 L.Ed.2d 765 (1998); *Felker v. Turpin,* 101 F.3d 657, 661 (11th Cir.) (per curiam), *cert. denied,* —— U.S. ——, 117 S.Ct. 451, 136 L.Ed.2d 346 (1996). Petitioners cannot avoid meeting the requirements of 28 U.S.C. § 2244(b) and § 2255 ¶ 8 simply by restyling their requests as motions for reconsideration in the initial collateral attack. *Burris,* 130 F.3d at 783; *United States v. Rich,* 141 F.3d 550, 551 (5th Cir.1998). Rule 60(b) is, however, an appropriate means to bring a claim that the conduct of counsel affected the integrity of the court's habeas proceeding.

Because he failed to comply with the requirements of § 2255 ¶ 8, Mr. Bank's application for leave to file a successive § 2255 is DENIED.