**UNITED STATES of America,**

v.

**Ray CABINESS.**

No. CIV.A.01–1795
CRIM.A.–99–0122.

United States District Court,
E.D. Pennsylvania.

Aug. 20, 2003.

Ray Cabiness, Minersville, PA, pro se.

Stephen L. Marley, Defender Assoc of Phila Fed Ct Div, Federal Court Division, Philadelphia, PA, William A. De Stefano, Saul Ewing LLP, Philadelphia, PA, for Ray Cabiness (1), aka Roy Johnson (1), Defendants.

Ewald Zittlau, U.S. Attorney's Office, Phila, for USA, Plaintiff.

## MEMORANDUM

EDUARDO C. ROBRENO, District Judge.

## I. INTRODUCTION

On December 1, 1999, Ray Cabiness ("petitioner") was sentenced to 171 months imprisonment following his conviction for carjacking, use of a firearm during a crime of violence and possession of a firearm by a convicted felon. On August 10, 2000, the United States Court of Appeals for the Third Circuit affirmed petitioner's judgment of conviction and sentence on direct appeal. On April 12, 2001, petitioner filed a *pro se* motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 ("habeas petition"), which was amended with leave of court on May 25, 2001 and ultimately denied by order of the court dated May 16, 2002.

On November 6, 2002, petitioner, acting *pro se*, filed the instant motion for relief from judgment under Rule 60(b) and/or the All Writs Act, 28 U.S.C. § 1651, seeking relief from this court's denial of his habeas petition. Specifically, petitioner contends that the May 20, 2002 order of the court denying his habeas petition should be vacated on the following grounds: (1) in denying petitioner's habeas petition, the court neglected to consider petitioner's assertion that, at sentencing, the court miscalculated the appropriate sentencing range under the United States Sentencing Guidelines ("U.S.S.G." or "the Guidelines") and that trial counsel was ineffective for failing to bring this error to the court's attention; (2) the court improperly considered whether petitioner was, in fact, prejudiced by trial counsel's failure to request a downward departure pursuant to U.S.S.G. § 5H1.6 in its analysis of petitioner's ineffective assistance claim; and (3) the court's finding that petitioner's circumstances would not have warranted a downward departure under U.S.S.G. § 5H1.6 was erroneous because the standard employed by the court, i.e., whether petitioner's circumstances were "extraordinary," improperly increased petitioner's standard of proof.

## II. DISCUSSION

A. *Proper Construction of the Instant Motion.*

1. *Whether the instant motion constitutes a successive habeas petition under 28 U.S.C. § 2255?*

█ The caption of petitioner's motion identifies the motion as a motion brought

pursuant to Rule 60(b) of the Federal Rules of Civil Procedure ("Rule 60(b)") and/or the All Writs Act, 28 U.S.C. § 1651. However, where, as here, the movant seeks relief from the court's denial of a petition for a writ of habeas corpus, the reviewing court must determine whether the motion states a challenge to the habeas court's disposition of the movant's habeas petition or whether the movant is attempting to file a successive habeas petition under the guise of a motion for relief from judgment or for reconsideration. *See Harper v. Vaughn,* 272 F.Supp.2d 527, 531, 2003 WL 21700077, *3 (E.D.Pa. July 23, 2003). This is so because 28 U.S.C. § 2255 allows for the filing of successive habeas petitions only when certified by a panel of the appropriate court of appeals. *See* 28 U.S.C. § 2255. In this case, petitioner has obtained no such certification. Therefore, if the court finds that petitioner's motion constitutes a successive habeas petition, the motion must be denied.

Courts addressing the issue of how a motion for relief from the entry of an order denying a petition for a writ of habeas corpus should be addressed, in light of the limitations placed on an individual's ability to file successive habeas corpus petitions under 28 U.S.C. § 2255, have taken three general positions. A number of courts have adopted the position that a motion for relief from the entry of an order denying a petition for a writ of habeas corpus constitutes the functional equivalent of a successive petition and, therefore, cannot be considered by a district court without certification from the appropriate court of appeals. *See Pridgen v. Shannon,* No. 00–4561, 272 F.Supp.2d 527, 531, 2002 WL 311322131, at *3 n. 5 (E.D.Pa. Sept. 26, 2002) (collecting cases). At least one court has apparently taken the position that such a motion should never be construed as a successive habeas petition. *See Rodriguez v. Mitchell,* 252 F.3d 191, 199 (2d Cir.2001). The First and Seventh Circuits Have adopted a third approach. *See Rodwell v. Pepe,* 324 F.3d 66, 71 (1st Cir.2003); *Dunlap v. Litscher,* 301 F.3d 873 (7th Cir.2002); *Banks v. United States,* 167 F.3d 1082 (7th Cir.1999) (*per curiam* ). These courts have held that a district court should treat a motion challenging the denial of habeas corpus relief as a successive habeas petition only if the motion challenges the underlying conviction. If, on the other hand, the motion challenges the federal habeas proceeding itself, the motion may be considered by the district court without court of appeals certification. *Rodwell,* 324 F.3d at 71; *Banks,* 167 F.3d at 1084.

Neither the Supreme Court nor the Third Circuit has addressed this issue. However, courts within this district have followed the approach of the First and Seventh Circuits. *See Harper,* 272 F.Supp.2d at 531, 2003 WL 21700077, at *3 (Dubois, J.); *United States v. Harris,* 268 F.Supp.2d 500, 502–04 (E.D.Pa.2003) (Dalzell, J.); *Pridgen v. Shannon,* 2002 WL 31122131, at *3 (DuBois, J.). This court finds the reasoning of its learned colleagues persuasive and joins them in following the approach adopted by the First and Seventh Circuits.

■■■■ Although the court recognizes that the question of whether the motion challenges the federal habeas proceeding or the underlying criminal proceeding may often be an issue of semantics and that the court must be cautious in allowing habeas petitioners to side-step the mandates of 28 U.S.C. § 2255 by merely using the right words, in this case and for the purposes of this motion, the court finds that the petitioner's motion for relief from judgment states a challenge to the habeas court's disposition of his habeas petition, i.e., the motion questions the legal standards applied by the habeas court and whether the

habeas court duly considered all of petitioner's arguments, as opposed to a challenge to the underlying criminal proceeding. Therefore, the court finds that it may consider petitioner's motion without certification from the Third Circuit.

*2. Whether the instant motion should be addressed by the court as a motion for relief from judgment under Federal Rule 60(b) or as a motion for reconsideration under Federal Rule 59(e) and Local Rule 7.1(g)?*

■ The court having concluded that the instant motion does not constitute a successive habeas petition, but rather, challenges the federal habeas proceeding, the court must next determine whether the instant motion is properly brought as a motion for relief from judgment under Federal Rule 60(b) or whether the motion should be construed by the court as a motion for reconsideration under Federal Rule 59(e) and Local Rule 7.1(g). It is within this context that the Third Circuit recently stated that "the function of the motion, and not the caption, dictates which Rule is applicable." *United States v. Fiorelli*, 337 F.3d 282, 287–88 (3rd Cir.2003). Thus, the procedural rule under which the motion is examined will determine the procedural and substantive standards that must be applied by the court in its analysis of the instant motion. Therefore, the next step in the court's analysis is to determine the function of petitioner's motion. *See id.*

In the instant motion, petitioner contends that the court erred by: (1) denying the petition without considering plaintiff's argument that, at sentencing, the court miscalculated the appropriate sentencing range under the Guidelines and that trial counsel was ineffective for failing to bring this error to the court's attention; (2) applying the wrong standard to petitioner's ineffective assistance of counsel claim; and

(3) applying the wrong standard in deciding whether petitioner would have qualified for a downward departure under U.S.S.G. § 5H1.6 at sentencing.

As recently stated by the Third Circuit, "[a]lthough motions for reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b) serve similar functions, each has a particular purpose. Rule 60(b) provides six bases for reconsideration . . . ." *Fiorelli*, 337 F.3d at 287–88. Only two of the bases for reconsideration provided for in Rule 60(b) are even arguably applicable to the instant motion: (1) "mistake [or] inadvertence;" and (2) "any other reason justifying relief from the operation of the judgment." FED. R.CIV. P. 60(b)(1) & (6). However, "a Rule 60(b) motion 'may not be used as a substitute for an appeal, and [ ] legal error, without more' does not warrant relief under" Rule 60(b). *Id.* (quoting *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir.1988)). On the other hand, a motion under Rule 59(e) is "used to allege legal error." *Id.*

In an attempt to couch his contentions of error so as to state a challenge to the denial of his habeas petition under Rule 60(b), petitioner alleges that the court "mistakenly" employed the wrong legal standard in deciding whether petitioner's trial counsel was ineffective and whether petitioner would have been granted a § 5H1.6 downward departure at sentencing, and that the court "inadvertently" neglected to consider his arguments regarding his sentencing range. Despite petitioner's characterization of his arguments on reconsideration as issues of "mistake" and "inadvertence" under Rule 60(b), the court concludes that the issues raised in petitioner's motion allege legal error under Federal Rule 59(e) and Local Rule 7.1(g).

First, petitioner's contentions concerning the standards the court applied to his

ineffective assistance claim and his related claim that he was entitled to a 5H1.6 downward departure at sentencing clearly raise issues of law and allege legal error on the part of the habeas court. Second, petitioner's claim that the court erred by denying his petition without considering his contention that his sentencing range was miscalculated and that trial counsel was ineffective for failing to bring this error to the court's attention also raises an issue of law, i.e., whether the court was required to and failed to consider this argument, and, therefore, also alleges legal error. Thus, the court having concluded that the issues raised in petitioner's motion allege legal error on the part of the court, i.e., that the court arrived at an incorrect legal conclusion, the court shall construe the motion as a motion for reconsideration under Federal Rule 59(e) and Local Rule 7.1(g).

Additionally, the court finds that the instant motion cannot be properly brought as a motion under the All Writs Act, 28 U.S.C. § 1651. As noted by the Supreme Court, "[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Pennsylvania Bureau of Correction v. United States Marshals Service,* 474 U.S. 34, 43, 106 S.Ct. 355, 88 L.Ed.2d 189 (1985). In this case, Federal Rule 59(e) and Local Rule 7.1(g) provide the applicable law and, therefore, the instant motion shall be examined thereunder.

### B. *Petitioner's Motion must be Denied as Untimely.*

█ As noted above, the court denied petitioner's petition for a writ of habeas corpus by order dated May 20, 2002. Federal Rule 59(e), as well as Local Rule 7.1(g), requires that a motion for reconsideration be filed no later than ten days thereafter. *See* FED. R.CIV. P 59(e) ("Any motion to alter or amend judgment shall be filed no later than 10 days after entry of judgment"); *see also* LOCAL R.CIV. P 7.1(g) ("Motions for reconsideration ... shall be filed within ten (10) days after the entry of the judgment, order, or decree concerned"). Because the prescribed period within which a motion for reconsideration under Federal Rule 59(e) and Local Rule 7.1(g) may be filed is less than eleven days, "intermediate Saturdays, Sundays, and legal holidays" are excluded from the period within which the motion must be filed. Therefore, Saturday, May 25, 2002, Sunday, May 26, 2002, Monday, May 27, 2002 (Memorial Day), Saturday, June 1, 2002 and Sunday, June 2, 2002, are excluded from the ten-day period. Accordingly, a motion for reconsideration of the court's denial of petitioner's habeas petition must have been filed by Tuesday, June 4, 2002. However, the instant motion was not filed until November 6, 2002. Therefore, the motion must be denied as untimely.

### C. *Petitioner's Motion is Without Merit.*

█ Assuming *arguendo* that petitioner's motion for reconsideration had been timely filed, the motion would fail, nonetheless, because it is without merit. A motion for reconsideration can succeed only where: (1) an intervening change in the law has occurred; (2) new evidence not previously available has emerged; or (3) the need to correct a clear error of law or prevent a manifest injustice arises. *See NL Indus., Inc. v. Commercial Union Ins. Co.,* 65 F.3d 314, 324 n. 8 (3d Cir.1995); *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir.1985). In this case, the petitioner does not allege an intervening change in law or the existence of new, previously unavailable, evidence. There-

fore, in order to succeed, the petitioner must show that reconsideration is necessary in order to remedy a clear error of law or to prevent a manifest injustice.

1. *Petitioner's contention that the sentencing court miscalculated his sentencing range under the Guidelines and that trial counsel was ineffective for failing to bring this error to the court's attention was not properly before the habeas court.*

■ With regards to petitioner's argument that the court erred by denying his petition without considering his contention that his sentencing range was miscalculated and that trial counsel was ineffective for failing to bring this alleged error to the sentencing court's attention, the court finds that the habeas court properly declined to address this issue in its denial of petitioner's habeas petition. The issue of whether the sentencing range was properly calculated, as well as petitioner's related ineffective assistance claim, was not raised in petitioner's original or amended habeas petition, but rather, was raised for the first time within a motion filed by petitioner on April 2, 2002, in which petitioner sought leave of court to file a reply to the Government's response in opposition to petitioner's habeas petition or, in the alternative, to amend his previously amended habeas petition.[1]

■ Although Rule 15(a) of the Federal Rules of Civil Procedure provides that leave of court to amend previously filed pleadings "shall be given freely when justice so requires," FED. R. CIV. P. 15(a), where, as here, the movant seeks leave to amend a petition for writ of habeas corpus under 28 U.S.C. § 2255, courts must consider whether the proposed amendment would be appropriate under § 2255's statute of limitations. *See United States v. Duffus,* 174 F.3d 333, 336–338 (3d Cir. 1999). Under § 2255, habeas petitions "must be filed within one year from 'the date on which the judgment of conviction becomes final.'" *Id.* at 337 (quoting 28 U.S.C. § 2255). Where, as here, the petitioner never filed a petition for certiorari to the Supreme Court, his conviction is deemed to have become final, for the purposes of § 2255, ninety (90) days from the date the court of appeals affirms the judgment on direct appeal. *See Kapral v. United States,* 166 F.3d 565, 577 (3d Cir. 1999). In this case, petitioner's judgment of conviction became final on November 10, 2000. Thus, petitioner had until November 10, 2001 to file his motion under § 2255.

Petitioner's original habeas petition was timely filed on April 12, 2001 and timely amended on March 25, 2001. However, the document in which petitioner first raised his contention that his sentencing range was miscalculated and that trial counsel was ineffective for failing to bring this alleged error to the sentencing court's attention was not filed until April 2, 2002.

Thus, as stated by the Third Circuit, if the court had considered petitioner's contention that his sentencing range was miscalculated and that trial counsel was ineffective for failing to bring this alleged error to the sentencing court's attention, which was raised for the first time almost five moths after the applicable statute of limitations had expired, "it would have frustrated the intent of Congress that claims under 28 U.S.C. § 2255 be advanced within one year after a judgment of conviction becomes final ...."[2] *Duffus,*

---

1. The court never issue a formal ruling on this motion.

2. 28 U.S.C. § 2255, provides certain circumstances under which a motion filed thereunder may be filed outside of the statute of

174 F.3d at 337. Therefore, the court finds that the habeas court properly declined to consider this argument in denying petitioner's habeas petition.

2. *The habeas court analyzed petitioner's ineffective assistance claim under the correct legal standard.*

■ With regards to petitioner's argument concerning the legal standard that was applied to petitioner's ineffective assistance of counsel claim, petitioner contends that "[t]he issue before the court ... required only [an] assessment of counsel's performance in failing to move [ ] for a downward departure [under 5H1.6] and not necessarily [a] determination of whether ... the ... downward departure was ... warranted." Petitioner's Motion, p. 27. In other words, the petitioner argues that the court should not have considered the issue of prejudice in addressing his ineffective assistance of counsel claim. This contention, however, is in direct contradiction to established law.

It is well settled that in order to obtain § 2255 relief via an ineffective assistance claim, the claimant must show, by a preponderance of the evidence, that 1) "his or her attorney's performance was, under all the circumstances, unreasonable under prevailing professional norms," *United States v. Day,* 969 F.2d 39, 41–42 (3d Cir.1992) (citing *Strickland v. Washington,* 466 U.S. 668, 687–91, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)), and 2) there is a "reasonable probability that, but for coun-

sel's unprofessional errors, the result would have been different." *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052; *see also Virgin Islands v. Nicholas,* 759 F.2d 1073, 1081 (3d Cir.1985) (the burden of proving ineffective assistance of counsel is on the petitioner). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052. Additionally, the *Strickland* prongs are conjunctive. *See Strickland,* 466 U.S. at 697, 104 S.Ct. 2052; *United States v. Nino,* 878 F.2d 101, 104 (3d Cir.1989). Thus, for the petitioner to prevail on a claim of ineffective assistance, both of these prongs must be satisfied. *Strickland,* 466 U.S. at 697, 104 S.Ct. 2052; *Nino,* 878 F.2d at 104. Therefore, the court finds that it properly considered the issue of prejudice in addressing petitioner's ineffective assistance of counsel claim.

3. *The habeas court applied the correct legal standard to the issue of whether petitioner was entitled to a downward departure at sentencing under § 5H1.6 of the Guidelines.*

■ Finally, petitioner contends that in addressing the issue of whether the petitioner was prejudiced by counsel's failure to request a downward departure under § 5H1.6 of the Guidelines, the court erred in finding that a downward departure under § 5H1.6 is appropriate only where the movant's circumstances were "extraordi-

limitations discussed above. 28 U.S.C. § 2255. However, none of theses circumstances are present in this case. Additionally, petitioner cannot benefit from the doctrine of equitable tolling in this case because he has failed to allege facts that would demonstrate (1) that he "has in some extraordinary way been prevented from" raising his claims regarding the sentencing court's calculation of his sentencing range in a timely manner and (2) that he "exercised reasonable diligence"

in bringing these claims. *See Merritt v. Blaine,* 326 F.3d 157, 168 (3d Cir.2003). Finally, petitioner's claims regarding the calculation of his sentencing range cannot be deemed timely under the "relation back" provisions of Rule 15(c) because these claims do not arise out of the same facts as the claims brought by petitioner in his original and amended habeas petitions. *See Duffus,* 174 F.3d at 337.

nary." Petitioner argues that a downward departure under § 5H1.6 is warranted so long as the movant's circumstances are "unusual" or "special," but not necessarily "extraordinary," and that petitioner's family circumstances, i.e., the fact that petitioner's mother was extremely ill and that he was the sole care-giver, entitled him to a downward departure at sentencing.

The court finds that petitioner's argument on this issue is in error. In *United States v. Headley*, 923 F.2d 1079, 1082–83 (3d Cir.1991), the Third Circuit held that the fact that the defendant was a single parent did not constitute grounds for a 5H1.6 downward departure. *Id.* In doing so, the court noted that a downward departure based on "extraordinary family circumstances" under U.S.S.G. § 5H1.6 is only available when the defendant's family circumstances are, indeed, extraordinary. *Id.* Moreover, in *United States v. Gaskill*, 991 F.2d 82, 85, (3d Cir.1993), the Third Circuit instructed that, when determining whether a downward departure under § 5H1.6 of the guidelines is warranted, "the length of imprisonment mandated by the Guidelines ... should be factored in the equation." *Id.* Where, as here, the defendant would face a lengthy sentence even after the sentence is substantially reduced from the sentence provided for under the Guidelines, § 5H1.6 is "not an appropriate basis for a downward departure." *Id.*

In *Gaskill*, the defendant was solely responsible for the care of his mentally ill wife. *Id.* at 83. The defendant faced a sentence of only eight (8) months imprisonment. *Id.* at 85–86. Accordingly, as noted by the court, a slight downward departure "could result in a noncustodial sentence and effectively preserve the family unit." *Id.* The court contrasted the circumstances in *Gaskill* to those in *Headley*, and noted that because Headley faced imprisonment of over seventeen (17) years under the Guidelines, a downward departure under § 5H1.6 would not have been appropriate because it would not have preserved the family unit. *Id.* at 85.

In this case, petitioner was sentenced, under the Guidelines, to 171 months imprisonment. Even after a substantial downward departure, petitioner would still face a substantial period of incarceration, during which, arrangements would have to be made regarding the care of his ill mother. As in *Headley*, even a substantial downward departure would not have made petitioner able to continue providing care to his ill mother. Thus, under the circumstances of this case, a downward departure under § 5H1.6 would not have been appropriate. For this reason, the court finds that petitioner has failed to establish a reasonable probability that, had trial counsel requested a downward departure under 5H1.6, the request would have been granted by the sentencing court and that, therefore, petitioner has failed to establish a viable claim of ineffective assistance of counsel.

Furthermore, petitioner's argument on this issue is nothing more than an attempt to reargue an issue that has already been decided by this court. However, "[m]otions for reconsideration are not to be used to reargue or relitigate matters already decided." *Haymond v. Lundy*, 205 F.Supp.2d 390, 395 (E.D.Pa.2002) (citing *Waye v. First Citizen's Nat'l Bank*, 846 F.Supp. 310, 314 n. 3 (M.D.Pa.), *aff'd*, 31 F.3d 1175 (3d Cir.1994)). Therefore, the court finds that petitioner's argument on this issue is, both, without merit and not a proper basis for reconsideration.

## III. CONCLUSION

For the foregoing reasons, the court concludes that petitioner's motion for relief from judgment under Rule 60(b) and/or

the All Writs Act, 28 U.S.C. § 1651, must be denied.

An appropriate order follows.

## ORDER

**AND NOW**, this 20th day of August, 2003, upon consideration of petitioner Ray Cabiness' *pro se* motion for relief from judgment under Rule 60(b) and/or the All Writs Act, 28 U.S.C. § 1651 (doc. no. 59) and for the reasons set forth in the accompanying memorandum, it is hereby **OR-DERED** that the motion is **DENIED**.

It is **FURTHER ORDERED** that the Clerk shall mark this case closed.

**AND IT IS SO ORDERED.**