**UNITED STATES of America,**

v.

**Ifedoo Noble ENIGWE.**

**Criminal Action No. 92–257.**

United States District Court, E.D. Pennsylvania.

June 4, 2004.

David Hall, Roland Jarvis, Asst. U.S. Attys., Philadelphia, PA, for Plaintiff.

Alan L. Yatvin, Esq., Popper & Yatvin, Joseph P. Capone, Esq., Philadelphia, PA, for Defendant.

### ORDER AND MEMORANDUM

DUBOIS, District Judge.

### ORDER

**AND NOW,** this 4th day of June, 2004, upon consideration of Ifedoo Noble En-

igwe's Motion to Vacate Judgement Pursuant to Rule 60(b), Fed.R.Civ.Proc. (Docket No. 371, filed September 9, 2003), Supplemental Submission to the Rule 60(b)(6) Motion Pending Before this Court (Docket No. 375, filed October 27, 2003) United States' Response to Defendant's Motion to Vacate Judgment Pursuant to Rule 60(b)(6) Fed.R.Civ.P. (Docket No. 378, filed November 24, 2003), Defendant's Reply to Government's November 24th, 2003 Response (Docket No. 379, filed December 3, 2003) and petitioner's letter dated December 12, 2003,[1] **IT IS ORDERED** for the reasons set forth in the attached Memorandum, that the Motion to Vacate Judgment Pursuant to Rule 60(b) Fed.R.Civ.Proc. is **DENIED.**

**IT IS FURTHER ORDERED,** as follows:

1. Petitioner's Motion for Bail Pending Court's Ruling on Motion on Actual Innocence (Docket No. 382, filed April 12, 2004) is **DENIED as MOOT;** and

2. Motion to Expedite Rulings filed by Ifedoo Noble Enigwe (Docket No. 383, filed May 3, 2004) is **DENIED as MOOT.**

Upon consideration of the letter from defendant, Ifedoo Noble Enigwe, dated January 7, 2004 (Docket No. 381), with attachment, relating to payment of defendant's fine in the amount of $10,000.00, the Court having issued a Writ of Execution on September 11, 1995, directing the United States Marshal Service, *inter alia,* to levy on and sell the property of the judgment debtor, Ifedoo Noble Enigwe, described in the Writ of Execution—1,870 German Deutschmarks—and to apply the resulting funds to defendant's fine, and the Government's letter/report dated March 22, 2004, with attachments,[2] in which the Government stated it complied with the Writ of Execution issued by the Court by liquidating the 1,870 German Deutschmarks seized from defendant and applying the proceeds to defendant's fine, **IT IS FURTHER ORDERED** that petitioner's letter request for the return of such funds dated January 7, 2004, or for correction of the fine balance, is **DENIED.**

### *MEMORANDUM*

Currently before the Court is a *pro se* motion under Federal Rule of Civil Procedure 60(b) to vacate this Court's Order of July 16, 1997 denying petitioner's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 ("Motion for Reconsideration"). In the Motion for Reconsideration, petitioner asks the Court to vacate its ruling denying petitioner's first ineffective assistance of counsel claim—the alleged ineffectiveness of trial counsel in advising defendant as to whether he should plead guilty without a plea agreement—on the ground that the law has changed and the Court's Order and Memorandum of July 16, 1997 is inconsistent with the change. The change in the law was announced, according to petitioner, by the U.S. Circuit Court of Appeals for the Sixth Circuit, *Griffin v. United States,* 330 F.3d 733 (6th Cir.2003).[3]

Petitioner subsequently filed a Supplemental Submission to the Rule 60(b)(6)

---

1. A copy of petitioner's December 21, 2003 letter which relates to his Supplemental Submission shall be docketed.

2. The Government's letter/report dated March 22, 2004, with attachments, shall be docketed.

3. In his Motion for Reconsideration, petitioner also cites a recent decision of the U.S. Supreme Court, *Wiggins v. Smith,* 539 U.S. 510, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003) for the rule that the lower courts can no longer assume that lawyers' lack of pretrial investigation could be strategic. However, this ruling is inapplicable to this case. Petitioner's counsel's deficient performance concerned erroneous sentencing advice, not a lack of investigation.

Motion Pending Before this Court (Docket No. 375, filed October 27, 2003) ("Supplemental Submission") in which he argues that he has come into possession of newly discovered evidence that establishes his innocence. Thus, the Supplemental Submission does not supplement the Motion for Reconsideration, which argues a change in the law, but rather introduces an entirely distinct argument for the Court to consider. For the reasons outlined below, the Motion for Reconsideration is denied.

## I. BACKGROUND

The Court sets forth only an abbreviated factual and procedural history as pertinent to the pending motion. A detailed factual and procedural history is included in the Court's previously reported opinions in this case. *E.g., United States v. Enigwe,* Cr. No. 92–257, 2003 WL 151385, at *2–6 (E.D.Pa. Jan. 14, 2003) (history of habeas proceedings); *United States v. Enigwe,* Cr. No. 92–257, 2001 WL 708903, at *1–2 (E.D.Pa. June 21, 2001) (postconviction procedural history); *United States v. Enigwe,* 212 F.Supp.2d 420 (E.D.Pa.2002) (same); *United States v. Enigwe,* Cr. No. 92–257, 1992 WL 382325, at *2–3 (E.D.Pa. Dec. 9, 1992) (factual history).

On May 6, 1992, defendant Ifedoo Noble Enigwe was indicted for trafficking in heroin. He was convicted by a jury on all four counts on August 12, 1992 and, on August 13, 1993, was sentenced by this Court to 235 months in prison and five years of supervised release. Defendant's conviction and sentence were affirmed on appeal by the United States Court of Appeals for the Third Circuit in an unpublished decision on April 28, 1994. *United States v. Enigwe,* 26 F.3d 124 (3d Cir.) (table), *cert. denied,* 513 U.S. 950, 115 S.Ct. 364, 130 L.Ed.2d 317 (1994). Defendant is currently serving his sentence at FCI–Elkton, Lisbon, Ohio.

Defendant filed a *pro se* Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255, on August 24, 1994 ("2255 Motion").[4] Petitioner presented two claims: (1) ineffectiveness of defendant's trial counsel in advising defendant as to whether he should plead guilty without a plea agreement and (2) ineffectiveness of defendant's trial counsel in advising defendant whether he should testify at all. As to the first claim, petitioner presented evidence that his trial counsel, Joseph Capone, erroneously advised him that he faced the same sentence whether he pled guilty without an agreement from the government (an "open plea"), or went to trial and was convicted. Petitioner's sentencing range was in fact quite different under these two scenarios. If petitioner had accepted an open plea he would have faced a sentencing range of 168 to 210 months. In contrast, the sentencing range he faced after trial and conviction (with, *inter alia,* an enhancement for obstruction of justice) was 235 to 293 months.

The Court denied both claims. *United States v. Enigwe,* Cr. No. 92–257, 1997 WL 430993 (E.D.Pa. July 16, 1997), *aff'd,* 141 F.3d 1155 (3d Cir.), *cert. denied,* 523 U.S. 1102, 118 S.Ct. 1573, 140 L.Ed.2d 806 (1998). The Motion for Reconsideration addresses the Court's ruling on the first claim only and the discussion that follows is limited to that claim.

By Memorandum and Order of July 16, 1997, the Court denied petitioner's claim of ineffective assistance of counsel based on alleged erroneous sentencing advice. In evaluating his claim the Court applied the two-factor standard announced by the Supreme Court in *Strickland v. Washington,*

---

4. A more detailed description of the procedural history of petitioner's 2255 Motion is set forth in this Court's Opinion of July 16, 1997.

*United States v. Enigwe,* Crim. A. No. 92–00257, 2003 WL 151385, at *2–6 (E.D.Pa. Jan. 14, 2003).

466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under *Strickland,* to prevail on an ineffective assistance of counsel claim, the petitioner must prove that (1) counsel's performance fell below an objective standard of reasonableness, *id.* at 687–688, 104 S.Ct. 2052 and (2) petitioner was prejudiced by this performance, *id.* at 694, 104 S.Ct. 2052. The Court concluded that petitioner had met the first prong—petitioner established that his counsel's performance had been objectively unreasonable—but failed to meet the second prong—petitioner did not establish that he suffered prejudice.

Petitioner's trial counsel testified at the evidentiary hearing that he advised petitioner not to plead guilty because petitioner would get "the same" sentence whether he pled guilty or went to trial and was convicted. The Court concluded that trial counsel's statement was incorrect and was not a position a reasonable attorney would take. Thus, the Court ruled that counsel's performance fell below an objective standard of reasonableness.

With respect to the prejudice prong of *Strickland,* "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052. In this case, the Court had to determine whether a reasonable probability existed that petitioner would have pled guilty absent his counsel's objectively unreasonable performance. *United States v. Day,* 969 F.2d 39, 45 n. 8 (3d Cir.1992). As the *Kates* court explained, there are three general categories of evidence a defendant may present to establish reasonable probability: (1) testifying that he [defendant] would have accepted the plea, (2) proving that the proposed plea agreement was much more favorable than the actual sentence, and (3) proving that at trial he followed counsel's advice not to testify in light of his criminal history.

*Kates,* 930 F.Supp. at 192 (citing *Day* 969 F.2d at 46). In his § 2255 Motion, defendant presented evidence on the first two categories.[5]

First, when defendant was asked at the February 1997 evidentiary hearing if he would have pled guilty had his counsel advised him properly, he testified as follows:

Q [Mr. Warren] Sir, if you had known that by pleading guilty and accepting responsibility for your conduct, your sentence would have been 151 to 188 months, would your decision to go to trial have been different?

A Of course.

Q Well, how so? What would have been different?

A It would have been different because, you know, once I see the difference in what I could get going to trial as opposed to what I could get pleading guilty, you know, even though the 151 months is not one day but comparing it with the 235 months, I would definitely plead guilty.

Q All right. Now, sir, you sit up there convicted of those crimes, right?

A Uh-huh.

Q How's the Judge to know that you're not just giving him the benefit of hindsight, that the only reason you're saying this is because you went to trial and got convicted and now you want the benefit of a deal?

A Well, this is not altogether hindsight because if I had the benefit of the good advice to start with, then I would have had everything in front of me to make

5. The Third *Kates* factor is inapplicable because petitioner testified at trial.

my, you know, my decisions on, you know, as opposed to just being led into something—a landmine that I have no idea about and then—that is hindsight, you know, being led into that landmine. Feb. 20 Tr., at 39–40.

Second, defendant argued that the significant disparity between the sentence he might have received had he plead, 151 to 188 months, and the sentence he received after trial and conviction, 235 to 293 months, provides further evidence that he would have plead guilty absent counsel's erroneous advice.[6]

On September 9, 2003, petitioner filed the Motion to Vacate Judgment Pursuant to Rule 60(b), Fed.R.Civ.Proc. (docket no. 371) that is presently before the Court.

## II. STANDARD OF REVIEW

 "The general purpose of Rule 60, which provides relief from judgments for various reasons, is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." *Boughner v. Secretary of Health, Education and*

*Welfare*, 572 F.2d 976, 977 (3d Cir.1978); *Liberty National Bank and Trust Co. v. Yackovich*, 99 F.R.D. 518, 519 (W.D.Pa. 1982). "The decision to grant or deny relief pursuant to Rule 60(b) lies in the 'sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances.' " *Hernandez*, 158 F.Supp.2d at 392 (quoting *Ross v. Meagan*, 638 F.2d 646, 648 (3d Cir.1981)). A court's discretion to grant relief has been described as "especially broad," *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291 (6th Cir.1989) and the rule has been described as a "grand reservoir of equitable power to do justice in a particular case" *Pierre v. Bernuth, Lembcke Co.*, 20 F.R.D. 116, 117 (S.D.N.Y.1956). Further, "a 60(b) motion to set aside judgment is to be 'construed liberally to do substantial justice.' " *Fackelman v. Bell*, 564 F.2d 734, 735 (5th Cir. 1977) *citing Laguna Royalty Co. v. Marsh*, 350 F.2d 817, 823 (5th Cir.1965). However, a "Rule 60(b) motion may not be used as a substitute for appeal ..." *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir.1988).

---

**6.** Defendant's sentence was calculated using the 1991 United States Sentencing Guidelines ("USSG"), beginning with a base offense level of thirty-two. That offense level was increased by four levels, to thirty-six, pursuant to USSG § 3B1.1(a) because the Court concluded that defendant was "an organizer or leader of a criminal activity that involved five or more participants." Two levels were added pursuant to USSG § 3C1.1 because the Court found that defendant had perjured himself at trial. Thus, the total offense level used to calculate defendant's sentence was thirty-eight. As a first time offender, defendant was placed in Criminal History Category I. The sentencing range for a defendant in Criminal History Category I with a total offense level of thirty-eight is 235 to 293 months. Defendant was sentenced to 235 months because the Court concluded that such a sentence would fulfill all of the goals of sentencing.

Had defendant pled guilty he could not have given testimony inconsistent with the jury's verdict and would not have been subject to the perjury enhancement. Had he been sentenced without a two level enhancement for perjury his total offense level would have been thirty-six and his sentencing range 188 to 235 months. And, had defendant received a sentence at the low end of that range, he would have received a sentence just over three years less than the sentence at the low end of the range within which he was sentenced. That alone establishes that Capone's characterization of defendant's likely sentence as "the same" whether he entered an open plea or proceeded to trial falls below an objective standard of reasonableness. Moreover, had defendant pled guilty and accepted responsibility he would have been entitled to a two level reduction pursuant to USSG § 3E1.1, which would have resulted in a total offense level of thirty-four and a sentencing range of 168 to 210 months, not 151 to 188 months as defendant argues.

■ Rule 60(b)(6) provides that a court may act to relieve a party from a final judgment for "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b)(6). "In simple English, the language of the 'other reason' clause, for all reasons except the five particularly specified, vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." [7] *Klapport v. United States,* 335 U.S. 601, 614–615, 336 U.S. 942, 69 S.Ct. 384, 93 L.Ed. 266 (1949); *see also, Coltec Industries, Inc. v. Hobgood,* 280 F.3d 262, 273 (3d Cir.2002) (describing Rule 60(b)(6) as a "catch-all"); *Defeo v. Allstate Ins. Co.,* 1998 WL 328195 *3 (E.D.Pa.1998).

### III. DISCUSSION

In its Memorandum of July 16, 1997 addressing petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("2255 Motion"), the Court concluded that defendant failed to establish a reasonable probability that he would have plead guilty absent counsel's erroneous sentencing advice. *U.S. v. Enigwe,* 1997 WL 430993, *6 (E.D.Pa. July 16, 1997). The Court based its conclusion on a number of factors. One of those factors, which petitioner argues was the sole basis for the Court's decision was the fact that, "[d]efendant adamantly and consistently professed his innocence and asserted that he was a victim of mistaken identify before, during, and after his trial." *Id.*

The Motion for Reconsideration argues that the law as it relates to ineffective assistance claims and unreasonable advice on sentencing has changed and that as a result the Court should vacate its Order and Memorandum of July 16, 1997. Petitioner's position is that *Griffin v. United States,* 330 F.3d 733 (6th Cir.2003) made it impermissible for a district court to rely on a petitioner's protestations of innocence concluding that there is not a reasonable probability that a defendant would have pled guilty absent erroneous sentencing advice.[8] The Sixth Circuit reasoned in *Griffin* that protestations of innocence are not dispositive on the question of reasonable probability because:

> Defendants must claim innocence right up to the point of accepting a guilty plea, or they would loose their ability to make any deal with the government. It does not make sense to say that a defendant must admit guilt prior to accepting a deal on a guilty plea. It therefore does not make sense to say that a defendant's protestations of innocence belie his later claim that he would have accepted a guilty plea. Furthermore, a defendant must be entitled to maintain his innocence throughout trial under the Fifth Amendment.

330 F.3d at 738.

The relief plaintiff seeks is, first, that the Court vacate its decision of July 16, 1997, under Rule 60(b) because petitioner contends that the law has changed. Second, applying the new standard announced

---

**7.** Rule 60(b) provides that on motion and upon such terms as a are just, the court may relieve a party or a party's legal representative from a final judgment order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or

other misconduct of an adverse party; (4) the judgement is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

**8.** See *supra* note 3.

in *Griffin,* petitioner asks the Court to find that he was prejudiced by his counsel's erroneous advice. The Court will first address petitioner's request that the Court vacate its earlier judgment. Before the Court can address this claim, however, it must address a procedural question—whether petitioner's Motion for Reconsideration is permitted by ADEPA.

### A. APPLICABILITY OF THE ADE-PA LIMITATION ON SECOND OR SUCCESSIVE HABEAS PETITIONS TO A MOTION FILED UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(b)

■ As a procedural matter, the Court must determine whether petitioner's Rule 60(b) motion is, in essence, a second or successive § 2255 motion. Such a ruling is necessary because the AEDPA limits a petitioner's ability to bring a second or successive habeas petition. The Third Circuit has not directly addressed the issue of whether a Rule 60(b) motion to vacate a judgment denying habeas relief is considered a second or successive habeas petition. However, this Court previously addressed the question in *Pridgen v. Shannon,* 2002 WL 31122131 (E.D.Pa. 2002) and *Harper v. Vaughn,* 272 F.Supp.2d 527 (E.D.Pa.2003).

In *Pridgen* and *Shannon,* this Court applied an approach developed in the Seventh Circuit and parsed the inquiry into whether the Rule 60(b) motion challenged the integrity of the federal habeas proceedings, in which event it was allowed to proceed without Court of Appeals authorization, or whether the Rule 60(b) motion challenged the underlying conviction, in which case it was treated as a second or successive habeas motion requiring prior Court of Appeals authorization. *See Banks v. United States,* 167 F.3d 1082 (7th Cir.1999) (per curiam); *see also Dunlap v. Litscher,* 301 F.3d 873 (7th Cir.2002).

Petitioner's Motion asks the Court to vacate its ruling on petitioner's ineffective assistance of counsel claim. Thus, petitioner's claim challenges the integrity of his federal habeas proceeding, not his underlying conviction, and Third Circuit authorization is not required.

### B. RELIEF UNDER RULE 60(B)(6)

■ As to petitioner's first claim for relief—that the Court vacate its decision of July 16, 1997, under Rule 60(b)—the Court begins its analysis by noting that "[i]ntervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)." *Agostini v. Felton,* 521 U.S. 203, 239, 117 S.Ct. 1997, 138 L.Ed.2d 391 (1997) (citing J. Moore et al., *Moore's Federal Practice,* § 60.48[5][b], p. 60–181 (3d ed.1997) (collecting cases)); *Marshall v. Board of Educ.,* 575 F.2d 417, 425 (3d Cir.1978) (change in law not extraordinary). However, "[a] 'supervening change in governing law that calls into question the correctness of the court's judgment" may, but does not necessarily, constitute such an extraordinary circumstance justifying the granting of a Rule 60(b) motion. *Tal v. Miller,* No. 97 Civ. 2275, 1999 WL 38254 (S.D.N.Y. Jan. 27, 1999) *(citing Sargent v. Columbia Forest Prod., Inc.,* 75 F.3d 86, 90 (2d Cir.1996)); *see also, Hall v. Warden, Maryland Penitentiary,* 364 F.2d 495, 496 (4th Cir.1966) (court denied habeas corpus relief under Rule 60(b)(6) and refused to reopen a judgment despite a supervening change in law because the prisoner had already been retried).

In *Sargent,* the Second Circuit explained when a federal appellate court should exercise the power to recall a mandate, a power which the Second Circuit ruled is "analogous to the power conferred on district courts by Fed.R.Civ.P. 60(b). *Sargent,* 75 F.3d at 90. The *Sargent,* opinion identi-

fied four factors to consider in such a situation: (1) whether the new law is beyond question inconsistent" with the earlier decision; (2) whether the moving party notified the court of a pending case or motion that may alter the decisional law; (3) whether substantial time has elapsed between the earlier decision and the pending motion; and (4) whether the equities favor the moving party. *Id.* at 90–91. The *Tal* court applied the *Sargent* factors to a Rule 60(b)(6) motion filed by an inmate asking the court to reconsider its decision denying a petition for a writ of habeas corpus, and this court does likewise.

The Court notes at the outset that petitioner's motion is based entirely on *Griffin*.[9] That decision is not binding on this Court. Nevertheless, the Court will consider the *Griffin* case in addressing the Motion for Reconsideration.

 The Court concludes that the first *Griffin* factor does not counsel in favor of granting relief under Rule 60(b) because the Court's July 16, 1997 decision is not inconsistent with the rule announced in *Griffin*. Specifically, the fact that petitioner maintained his innocence was *not* dispositive in the Court's analysis of the probability that petitioner would have pled guilty. As the Court noted in its opinion:

> The Court recognizes that defendant's prior assertions of innocence do not preclude a finding in this case that he would have accepted a guilty plea had he been properly advised by Capone. See *Kates v. United States*, 930 F.Supp. 189, 192 (E.D.Pa.1996) (concluding that a defendant, despite his assertions of innocence, would have pled guilty had he been properly advised by his attorney). However, the evidence presented does not convince the Court that defendant would

have accepted a guilty plea had he been properly advised by counsel.

Memorandum of July 16, 1997 at 15. The Court's conclusion that petitioner had not demonstrated to a reasonable probability that he would have pled guilty was based on a number of factors independent of his protestations of innocence.

First, the Court, after questioning petitioner at an evidentiary hearing on February 20 and 21, 1997, concluded that his assertions that he would have pled guilty were not credible. This determination was based on petitioner's demeanor, the way in which he responded to the Court's questions, and a host of other indicia of credibility observable in the courtroom but difficult to distill on paper or discern from a transcript. The Court did not conclude petitioner was not credible, or that he would not have pled guilty, merely because he had maintained his innocence, as petitioner contends.

Second, petitioner's initial trial counsel, L. Felipe Restrepo, stated in a Verification presented to the Court that he told petitioner he faced a lower sentence if he pled guilty and petitioner chose not do so. Specifically, Mr. Restrepo's Verification recites that he "ha[s] reviewed the contents of Mr. Enigwe's file provided to me [Restrepo] by the [Federal] Defender Association. My notes reflect that the guideline range of 121 to 151 months was specifically discussed with Mr. Enigwe." Verification of L. Felipe Restrepo Pursuant to 28 U.S.C. § 1746 (Document No. 192, filed Mar. 17, 1997), at ¶ 8; *see also* Affidavit of L. Felipe Restrepo (submitted at the June 3, 1997 hearing), at ¶ 4 ("I took notes during my meeting with Mr. Enigwe and they reflect that I advised him that the sentencing range that applied to his case

---

9. See *supra* note 3.

was 121 to 151 months imprisonment."). In contrast, petitioner testified that

> Q [Mr. Nugent] Okay. Let's ask it another way, Mr. Enigwe, if Mr. Restreppo had gone over the Guidelines with you, is it your testimony today that you wold [sic] have pled guilty?
>
> A If Mr. Restreppo had advised me and then I look at the difference between going to trial and pleading guilty, with the difference as we calculated it [at this hearing], yes, I would conceded that I will [sic] not go to trial."

Feb. 21 Tr., at 53–54.

The Court concluded at the end of the hearing that Mr. Restrepo was credible and defendant was not credible. The range mentioned by Mr. Restrepo is similar to that which petitioner now contends would have induced him to plead guilty; yet petitioner did not consider a guilty plea at that time.

Third, prior to trial, petitioner declined to discuss a plea bargain with law enforcement officers. See Memorandum of July 16, 1997 at 14. Petitioner's second trial counsel, Mr. Capone, also discussed the possibility of a plea with petitioner and petitioner declined to pursue one. *Id.*

Petitioner has failed to show that the Court's July 16, 1997 ruling is inconsistent with *Griffin.* Because his Motion for Reconsideration is based solely on *Griffin,* the Court concludes petitioner is not entitled to relief under Rule 60(b)(6). This ruling makes unnecessary a discussion of the other Sargent factors.

## C. SUPPLEMENTAL SUBMISSION TO RULE 60(B) MOTION

██ Petitioner has also filed a Supplemental Submission, amplified by a letter dated December 21, 2003, in which he presents what he characterizes as newly discovered evidence that, according to petitioner, establishes his actual innocence. The newly discovered evidence is an affidavit purported to have been written and signed by Vincent Nwosu Kanu. In his affidavit Mr. Kanu states that he did not tell petitioner that the women he recruited in Philadelphia were smuggling heroin.[10] At trial, petitioner testified that he thought he was recruiting women to smuggle diamonds, not heroin, from Nigeria into the United States. Thus, the Supplemental Submission and letter dated December 21, 2003, present an alternative theory under which petitioner argues the Court should vacate its earlier judgment denying his 2255 Motion.

As a procedural matter, the Court must first determine whether petitioner's Supplemental Submission is, in essence, a second or successive § 2255 motion. As discussed above, in *Pridgen* and *Shannon,* this Court applied an approach developed in the Seventh Circuit and parsed the inquiry into whether the Rule 60(b) motion challenged the integrity of the federal habeas proceedings, in which event it was allowed to proceed without Court of Appeals authorization, or whether the Rule 60(b) motion challenged the underlying conviction, in which case it was treated as a second or successive habeas motion requiring prior Court of Appeals authorization. *See Banks v. United States,* 167 F.3d 1082 (7th Cir.1999) (per curiam); *see also Dunlap v. Litscher,* 301 F.3d 873 (7th Cir.2002).

Petitioner's new evidence challenges his underlying conviction. Therefore, the Court will treat it as a successive habeas motion requiring prior Court of Appeals

---

**10.** In the affidavit, Mr. Kanu states that he kept the "substance of the venture from Mr. Sunny Afuekelu (whom I knew as Daimian) and Mr. Ifedoo Noble Enigwe (whom I understood was involved in the venture in Philadelphia, Pa, having recruited the ladies for the trip)."

authorization. Since, petitioner has failed to secure such authorization, the Court lacks jurisdiction to hear the merits of his claim of newly discovered evidence.

### D. THE COURT WILL NOT ISSUE A CERTIFICATE OF APPEALABILITY

The Court declines to issue a certificate of appealability. In the Third Circuit, a certificate of appealability from the denial of a Rule 60(b) motion is granted only if the petitioner makes: "(1) a credible showing that the district court's procedural ruling was incorrect; and (2) a substantial showing that the underlying habeas petition alleges a deprivation of constitutional rights." *Morris v. Horn*, 187 F.3d 333, 340 (3d Cir.1999). For the reasons set forth in this Memorandum, the Court concludes that petitioner has not made a credible showing that this Court's procedural ruling was incorrect or a substantial showing of a deprivation of constitutional rights.

### IV. CONCLUSION

For the reasons set forth above, the Court denies petitioner's Motion for Reconsideration and determines that it lacks jurisdiction to consider the argument raised in petitioner's Supplemental Submission and letter dated December 21, 2003. Because petitioner has not made a credible showing that this Court's procedural ruling was incorrect or a substantial showing of a deprivation of constitutional rights, the Court will not issue a certificate of appealability.