**M. DIANE KOKEN, Ins. Comm'r of Pa, in Her Official Capacity as Liquidator of Reliance Ins. Co., Plaintiff,**

v.

**PENSION BENEFIT GUARANTY CORP. (PBGC), Defendant.**

No. CIV.A.04–4342.

United States District Court, E.D. Pennsylvania.

Aug. 8, 2005.

Jerome J. Richter, Alan C. Gershenson, Blank Rome Comisky & McCauley, Philadelphia, PA, for Plaintiff.

Virginia E. Neiswender, Office of the General Counsel, Joseph M. Krettek, Pension Benefit Guaranty Corp., Washington, DC, for Defendant.

## MEMORANDUM

EDUARDO C. ROBRENO, District Judge.

### I. INTRODUCTION

The Insurance Commissioner of the Commonwealth of Pennsylvania, M. Diane Koken (the "Commissioner"), has filed a motion for reconsideration of the Court's Memorandum and Order (M & O), dated July 14, 2005 (doc. no. 7) and located at 2005 WL 1667587, 383 F.Supp.2d 712, 2005 U.S. Dist. LEXIS 14215, or in the Alternative, for Certification for Interlocutory Appeal pursuant to 28 U.S.C. § 1292(b). In the July 14, 2005 M & O, the Court denied the Commissioner's motion to remand, concluding, *inter alia,* that the *Princess Lida* doctrine does not require remand. For the reasons that follow, the instant motion will be denied as to both grounds.

### II. DISCUSSION

#### A. *Motion for Reconsideration*

In support of her motion, the Commissioner argues that the Court erred by concluding that the *Princess Lida* doctrine does not require remand. The Commissioner refers to several orders of the Pennsylvania Commonwealth Court that, according to the Commissioner, show that the Commonwealth Court "clearly" assumed jurisdiction over certain assets of Reliance's subsidiaries. Pl.'s Mot. at 1, 7. Despite the supposed conclusiveness of the Commonwealth Court's orders, however, the Commissioner failed to attach copies of the orders to any of the Commissioner's filings, including her motion for reconsideration. Upon request, the Court has recently receive a copy of the Commonwealth Court's orders.

■ The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Max's Seafood Cafe ex rel. Lou Ann, Inc. v. Quinteros,* 176 F.3d 669, 677 (3d Cir.1999) (citation omitted). Further, "[w]here evidence is not newly discovered, a party may not submit that evidence in support of a motion for reconsideration." *Seidman v. Am. Mobile Sys.,* 965 F.Supp. 612, 629 (E.D.Pa.1997) (quoting *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir.1985)).

■ The Court concludes that the Commissioner's motion represents an attempt to reargue or relitigate the issues already decided by the Court's M & O of July 14, 2005. Motions for reconsideration, however, are not to be used to reargue or relitigate matters already decided. *United States v. Cabiness,* 278 F.Supp.2d 478, 486 (E.D.Pa.2003). In addition, although the Commissioner initially provided the Court with only *her characterization* of certain portions the Commonwealth Court orders, the actual copies of the orders now presented to the Court are not newly discovered evidence; they were available to the Commissioner when the Court initially considered the motion to remand. Therefore, the Commissioner is technically barred from now submitting them. *See Cureton v. NCAA,* Civ.A.No. 97–131, 2000 WL 623233, at *1–2, 2000 U.S. Dist. LEXIS 6526, at *3–4 (E.D.Pa. May 15, 2000) ("Where evidence is not newly discovered, a party may not submit that evidence in support of a motion for reconsideration.") (citing *DeLong Corp. v. Raymond Int'l Inc.,* 622 F.2d 1135, 1139–40 (3d Cir.1980)).

■ Even considering these orders, however, the Court is not persuaded that

its conclusion that *Princess Lida* does not require remand rests on a manifest error of law or fact. The Commonwealth Court's orders simply do not demonstrate, much less "clearly" demonstrate, that the Commonwealth Court asserted *in rem* jurisdiction over the assets of Reliance's *subsidiaries*. In its orders of May 29, 2001 (the "Rehabilitation Order") and October 3, 2001 (the "Liquidation Order"), the Commonwealth Court defines "Reliance" as:

> the former subsidiaries which were previously merged into Reliance by approval of the Commissioner: Reliance National Indemnity Company, Reliance, National Insurance Company, Reliance National Insurance Company, United Pacific Insurance Company, Reliance Direct Company, Reliance Surety Company, Reliance Universal Insurance Company, United Pacific Insurance Company of New York and Reliance Insurance Company of Illinois.

Doc. No. 12, Exs. A, B. The Rehabilitation and Liquidation Orders also each contain a section entitled, "Assets of the Estate." In the Rehabilitation Order's "Assets of the Estate" section, the Commonwealth Court directs the Commissioner "to take possession of the assets (including the assets of Reliance Lloyds), contracts and rights of action *of Reliance,* of whatever nature and wherever located, whether held directly or indirectly." Doc.

No. 12, Ex. A. (emphasis added). Similarly (though not identically), the "Assets of the Estate" section of the Liquidation Order vests the Commissioner "with title to all property, assets, contracts and rights of action ("assets") *of Reliance,* of whatever nature and wherever located, whether held directly or indirectly, as of the date of the filing of the Petition for Liquidation." Doc. No. 12, Ex. B. That section of the Liquidation Order further states:

> All assets of Reliance are hereby found to be in custodia legis of this Court; and this Court specifically asserts, to the fullest extent of its authority, (a) *in rem* jurisdiction over all assets of the Company [Reliance] wherever they may be located and regardless of whether they are held in the name of the Company or any other name; (b) exclusive jurisdiction over all determination of the validity and amount of claims against Reliance; and (c) exclusive jurisdiction over the determination of the distribution priority of all claims against Reliance.

*Id.* Neither of these orders states or implies that the assets of the Reliance estate include the assets of Reliance's subsidiaries, such as RCG International, Inc., Moody International Limited, and Moody International, Inc., on whose assets the PBGC has attached liens. Nor do the orders list any of these subsidiaries under the definition of "Reliance." [1]

---

1. The Commissioner also offers a letter from the Commonwealth Court judge to three lawyers presumably involved in the liquidation. The letter states:

   > Please be ... advised that it is my position that, from this date forward [June 8, 2001] any actions which would either directly or indirectly negatively impact or diminish the assets of the Reliance Insurance Company must be approved not only by the Insurance Commissioner of the Commonwealth, but also by the Commonwealth Court of Pennsylvania.

   Doc. No. 12, Ex. C. The context in which this letter was written is not at all clear. Nor does this letter inform the Court interpretation of the Commonwealth Court's orders.

   The Commissioner also offers an order of the Commonwealth Court, dated November 30, 2001, concerning "guidelines [that] shall apply to the administration of the assets of Reliance," which says nothing about the assets of Reliance's subsidiaries. Doc. No. 12, Ex. D.

The only Commonwealth Court order that mentions Reliance's subsidiaries is the order of January 22, 2002. That order requires the Liquidator (the Commissioner) to obtain advance Court approval for certain transactions involving Reliance's subsidiaries, including a sale of 50% or more of the assets of a first-tier subsidiary of Reliance (defined as a company in which Reliance holds a majority of the voting stock), as well as "sales by subsidiaries of subsidiaries or their assets, [or] partial asset sales or acquisitions." Doc. No. 12, Ex. F. Contrary to the Commissioner's argument, however, the Commonwealth Court's requirement that the Commissioner obtain approval before entering certain transactions involving Reliance's subsidiaries does not amount to asserting *in rem* jurisdiction over the assets of Reliance's subsidiaries.

Furthermore, for the reasons stated in the July 14, 2005 M & O, this Court's declaration of whether the PBGC's liens on the assets of Reliance's subsidiaries are valid does not interfere with the Commonwealth Court's possession of *Reliance's* assets.

As the Commissioner has not presented newly discovered evidence and no manifest error of law or fact exists, the motion for reconsideration will be denied.

### B. *Motion for Certification for Interlocutory Appeal*

■ The Commissioner alternatively seeks an order certifying its decision that

the *Princess Lida* doctrine does not require remand. As the moving party, plaintiff bears the burden of showing that an immediate appeal is warranted. *Albert v. Nationwide Mut. Fire Ins. Co.*, Civ.A.No. 99–1953, 2001 WL 34035315, at 16–17, 2001 U.S. Dist. LEXIS 16434, at *12 (E.D.Pa. Sept. 4, 2001). Specifically, plaintiff must show that (1) a controlling question of law is involved, (2) there is substantial ground for difference of opinion regarding the question of law, and (3) an immediate appeal would materially advance the termination of the litigation. 28 U.S.C. § 1292(b).[2] All three elements of § 1292(b) must be satisfied. *In re School Asbestos Litig.*, 977 F.2d 764, 777 (3d Cir. 1992).

The Commissioner proposes that the Court certify the following question:

> Where a state court presiding over an insurance company insolvency has assumed jurisdiction over assets of the insolvent insurance company's solvent wholly owned non-insurance subsidiaries, can the federal court take jurisdiction over a question involving a federal lien imposed on those assets after the state court has taken those assets into *custodia legis* by finding, contrary to the actions of the state court, that those assets are not assets of the insolvent insurance company's estate?

Pl.'s Mot., at 11. The Court cannot agree.

■ The question proposed by the Commissioner is fundamentally flawed because

---

**2.** Section 1292(b) provides:

When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing such order. The Court of Appeals which

would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b).

it does not reflect the issues decided by the Court in the July 14, 2005 M&O. Specifically, the proposed question presupposes two occurrences that have not, in fact, occurred. One, as discussed in subsection A. above, it has not been shown that the "state court presiding over an insurance company insolvency has assumed jurisdiction over assets of the insolvent insurance company's solvent wholly owned non-insurance subsidiaries." Two, The Court never found that the assets of the subsidiaries are "not assets of the insolvent insurance company's estate."

The July 14, 2005 M&O's concluded that this Court's declaration of whether the PBGC's liens were valid did not interfere with the Commonwealth Court's possession of Reliance's assets for at least two alternative reasons:

> One, although the Commissioner asserts that the assets of Reliance's subsidiaries could, at some undetermined point in the future, be sold for the benefit Reliance's estate, at this juncture the assets of the subsidiaries are not necessarily part of Reliance's estate. [Thus, it was not shown that the Commonwealth Court asserted jurisdiction over them].

> Alternatively, even if the [assets of the subsidiaries] are deemed assets of Reliance's estate [and, therefore, the Commonwealth Court has asserted jurisdiction over them,] any declaration by this Court that the PBGC's liens [on them] are valid does not involve a determination of what priority should have under Pennsylvania's priority scheme. Rather, as the Supreme Court has stated, such a scenario would implicate the question whether the McCarran-Ferguson Act operates to save the state priority scheme from preemption by the federal priority statute. *See [U.S. Dept. of Treasury v. ]Fabe*, 508 U.S. [491 ]at 493[, 113 S.Ct. 2202, 124 L.Ed.2d 449 (1993)].

*Koken v. PBGC*, 2005 WL 1667587, at *5, 383 F.Supp.2d 712, 719–20, 2005 U.S. Dist. LEXIS 14215, at *17–18 (emphasis and alterations added). These conclusions rested on the application of the long-established principles underlying the Princess Lida doctrine to the unique facts of this case. Accordingly, the July 14, 2005 M&O does not involve a pure question of law that would warrant a discretionary interlocutory appeal. *See McFarlin v. Conseco Servs. LLC*, 381 F.3d 1251, 1259 (11th Cir.2004) ("The antithesis of a proper § 1292(b) appeal is one that turns on … whether the district court properly applied settled law to the facts or evidence of a particular case. [Any] legal question [certified] must be stated at a high enough level of abstraction to lift the question out of the details of the evidence or facts of a particular case and give it general relevance to other cases in the same area of law."). Because the Commissioner has failed to satisfy all the elements of § 1292(b), the motion for an order certifying the Court's decision will be denied.[3]

## III. CONCLUSION

For the foregoing reasons, the Commissioner's motion for reconsideration or, in the Alternative, for Certification for Interlocutory Appeal will be denied. An appropriate order follows.

---

**3.** The Commissioner is inaccurate if she suggests that, by asserting subject matter jurisdiction over the instant dispute, the Court is declaring the PBGC's liens valid and that the liens, if valid, entitle the PBGC to $150 million in assets that would otherwise inure to the benefit of the Reliance policyholders. Such a suggestion conflates the issue of subject matter jurisdiction with merits of the dispute to be decided by cross motions for summary judgment.

## ORDER

**AND NOW,** this **8th** day of **August, 2005,** upon consideration of plaintiff's Motion for Reconsideration or, in the Alternative, for Certification for Interlocutory Appeal (doc. no. 9), and the responses thereto, it is hereby **ORDERED** that the Motion is **DENIED.**

**AND IT IS SO ORDERED.**